Louis H. Freise, Appellee, v. Mid-City Trust and Savings Bank of Chicago and Mid-City National Bank of Chicago, Appellants.

Gen. No. 40,179.

Opinion filed December 13, 1938.   Rehearing denied December 27, 1938.

GUSTAV E. BEERLY, of Chicago, for certain appellant.

JOHN M. LEE and CARL M. Loos, of Chicago, for certain other appellant.

KINNE, SCOVEL, ROBSON & MURPHY and NORDSTRAND & RILEY, both of Chicago, for appellee; HARRY C. KINNE, of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

Plaintiff, Louis H. Freise, filed his amended complaint in this action against Mid-City Trust & Savings Bank (hereinafter referred to as the State Bank) and the Mid-City National Bank of Chicago (hereinafter referred to as the National Bank) on November 13, 1933, seeking an accounting against both banks for real estate and insurance broker's commissions aggregating $750,000, alleged to have been collected by the State Bank for services performed by plaintiff and re-

tained by that bank. It was also alleged that the National Bank purchased all of the assets and assumed all of the liabilities of the State Bank. Both the State Bank and the National Bank demurred to the complaint. The trial court overruled the State Bank's demurrer, sustained that of the National Bank and dismissed the complaint as to the latter. Plaintiff appealed to this court in the case of *Freise v. Mid-City Trust & Savings Bank,* 280 Ill. App. 622 (Abst.), and the decree of the trial court sustaining the demurrer of the National Bank was reversed and the cause remanded with directions to overrule said demurrer. The National Bank's petition for leave to appeal to the Supreme Court was denied. The mandate of this court was thereupon filed in the trial court May 16, 1936. The answer of the State Bank to the amended complaint was filed May 11, 1934, and that of the National Bank, August 10, 1936. April 17, 1937, while the cause was pending on the trial calendar of Judge Grover C. Niemeyer and also on his contested motion calendar, it was dismissed by Judge James F. Fardy for want of prosecution on a special no progress call of cases filed prior to January 1, 1934, and not disposed of, which call was directed to be made up by Judge Niemeyer of cases on his calendar. This no progress call was transferred by Judge Niemeyer to Judge Fardy, to be heard by the latter on April 14, 1937. Notice of the special or no progress call and its transfer to Judge Fardy for hearing appeared in the Chicago Daily Law Bulletin of April 13, 1937, the instant case being listed along with many others and the dismissal order in short form appeared in the Law Bulletin of April 17, 1937. On plaintiff's motion Judge Niemeyer on February 10, 1938, entered an order vacating the order of dismissal of April 17, 1937, and reinstating the case, from which order this appeal is prosecuted by defendants.

After first having presented a motion for the same purpose on November 3, 1937, plaintiff on December 31, 1937, filed his amended petition to vacate the order of dismissal of April 17, 1937, alleging *inter alia* that at the time of its dismissal for want of prosecution on April 17, 1937, this cause was pending on the regular 1936 trial calendar of Judge Niemeyer; that plaintiff's motions to strike the answers of defendants and for a rule on them to answer interrogatories and to produce documents were then pending on said judge's contested motion calendar; that said motions were continued from time to time and were argued by counsel for the respective parties subsequent to the entry of the order of dismissal; that no order of the executive committee of the judges of the superior court was ever entered "directing the preparation of said 'no progress call' or directing the dismissal of any cases for want of prosecution when placed upon said call"; and that Judge Fardy had no jurisdiction to dismiss this cause upon such call for want of prosecution.

The State Bank filed a written motion to dismiss plaintiff's amended petition to vacate, which alleged that "this court does not have jurisdiction to grant the relief prayed for as against this respondent in this cause"; that "said Amended Petition cannot be maintained, for the reason that the order dismissing this cause was entered by the Court on April 17, 1937, and the period within which to vacate said dismissal order of April 17, 1937, is long passed"; that "the court does not have jurisdiction in this cause to entertain said Amended Petition and is without authority to enter an order reinstating the cause and thus revest itself with jurisdiction"; and that "the order of dismissal of April 17, 1937, was a final order and after the thirty day period passed, this cause was no longer in court nor did any power remain in the Court to entertain jurisdiction in said cause."

The National Bank filed an answer to plaintiff's amended petition to vacate the order of dismissal, which admitted that on June 4 and June 7, 1937, its counsel argued before Judge Niemeyer plaintiff's motion to strike its answer but denied that by so doing it at any time "acknowledged or admitted the jurisdiction of this court over the subject matter and of the parties or that it ever consented to the reinstatement of this cause or to the vacation of the order dismissing this cause for want of prosecution of April 17, 1937, and denied that it ever at any time waived any rights respecting the jurisdiction of this court over this cause"; admitted that Judge Niemeyer's clerk prepared a list of cases assigned to said judge which had been filed prior to January 1, 1934, to be called by said judge from time to time; admitted the transfer to Judge Fardy by Judge Niemeyer of the latter's no progress call for April 14, 1937; admitted that a printed form of order was entered April 17, 1937, by Judge Fardy, dismissing the cause on the no progress call for want of prosecution; denied that plaintiff had no means of knowing that the cause was dismissed by Judge Fardy; averred that the Law Bulletin of April 13, 1937, carried the following notice: "Owing to the case on trial before Judge Niemeyer, the call of chancery cases filed prior to January 1, 1937, scheduled to be called tomorrow, will be heard by Judge Fardy tomorrow, in room 829 commencing at 2 p. m. A list of the cases can be found under the latter's call for tomorrow." It was also averred that the same edition of the Law Bulletin carried under Judge Fardy's name the no progress call, including the instant case, which had been transferred to him by Judge Niemeyer to be heard April 14, 1937, and that the Law Bulletin of April 17, 1937, under the heading "Judge Fardy" showed this case as having been dismissed by him for want of prosecution; that Judge Niemeyer's minute

book for April 17, 1939, carried an entry of the dismissal order of Judge Fardy and that the chancery docket of the superior court likewise contained an entry of such dismissal order; and that "more than six months had passed since the entry of the order of April 17, 1937, and that by reason of the order of April 17, 1937, and further by reason of the fact that more than thirty days had elapsed from the date of the entry of such order until plaintiff's motion to vacate same was presented and filed, the court lost jurisdiction and has never been reinvested therewith."

Briefly summarizing, this cause was instituted in 1933 and answers were filed by both defendants to plaintiff's amended complaint after their demurrers to same had been disposed of. The case was placed upon Judge Niemeyer's chancery trial calendar. Motions which had been presented and filed on January 13, 1937, to strike defendants' answers and for a rule on them to answer interrogatories and to produce certain documents were pending on said judge's contested motion calendar, where such motions had been continued from time to time until subsequent to the order of dismissal of April 17, 1937. Thereafter said motions were again continued from April 20, 1937, until May 10, 1937, and argued by counsel for all of the parties on June 4 and June 7, 1937. It appears that neither plaintiff or his counsel nor defendants or their counsel had any knowledge of the order of April 17, 1937, dismissing the case for want of prosecution until November 2 or November 3, 1937.

Defendants contend that the order of February 10, 1938, vacating the order of dismissal of April 17, 1937, is void because "when the order of dismissal of April 17, 1937, was entered, the court lost jurisdiction of the subject matter of the suit and of the parties; by virtue of the entry of the said dismissal order of April 17, 1937, the court was without power or author-

ity to enter the order of February 10, 1938; and the court had no jurisdiction to vacate the order of dismissal upon the expiration of 30 days after April 17, 1937, where no motion to vacate the said dismissal order was made within 30 days after April 17, 1937.'' Defendants further contend that ''the court erred in granting relief to a plaintiff who was negligent in connection with the no progress call and the dismissal of the suit on April 17, 1937''; and that ''the court erred in holding that the defendants waived the dismissal order of April 17, 1937.''

Plaintiff's theory, as stated in his brief, is that ''the trial court was without jurisdiction to dismiss this case for want of prosecution on April 17, 1937, on a special call, without actual notice to the parties to the cause''; that ''said special call was not a trial call . . . said cause was never called for trial, but at the time of dismissal was pending upon both the regular trial call of Judge Niemeyer and his contested motion calendar on motions of plaintiff to strike the answers of both defendants and for a rule on both defendants to answer interrogatories and produce documents''; that ''Judge Fardy had no jurisdiction under the statutes of this state, the rules of the Supreme Court of Illinois, or the rules of the Superior Court of Cook County, to dismiss this case for want of prosecution on said special call . . . said order of dismissal was void and of no effect''; that ''by appearing, through their counsel, at the time of the entry of the orders of April 20, May 10 and June 4, 1937, and at the time of the argument of the motions in question on June 4 and June 7, 1937, defendants submitted themselves to the jurisdiction of the court and waived the effect, if any, of the order of dismissal''; and that ''the order of February 10, 1938, vacating the order of dismissal and reinstating the case was proper and should be affirmed.''

Of the numerous contentions made by the parties only one need be considered. Even though it be assumed that the case was properly dismissed April 17, 1937, did not defendants' subsequent appearances before Judge Niemeyer on April 20, 1937, and May 10, 1937, when the motions in this cause on his contested motion calendar were continued, and their appearances later on June 4 and June 7, 1937, when such motions were argued, revest the court with jurisdiction? In our opinion defendants, by actively participating in proceedings in the cause after its dismissal, voluntarily submitted themselves to the jurisdiction of the court although neither the parties nor their counsel had any notice or knowledge of the order of dismissal until long after its entry. We think that defendants' conduct as indicated revested the court with jurisdiction regardless of whether plaintiff could in the instant cause successfully invoke the principle either of waiver or estoppel against defendants.

A somewhat similar situation was presented in *Redwine v. Horrocks,* 297 Ill. App. 638 (Abst.). The cause there, which was on the regular trial calendar, was placed through misprision of the clerk on a "No Progress Calendar," dismissed on the call thereof and the order of dismissal vacated several months thereafter, the case having been tried on its merits by a judge and jury in the interim between its dismissal and the vacation of the order of dismissal and in that case the first division of this court said:

"Furthermore, we think all we have said and all of the contentions made in the briefs are of no importance even if we assume that the case was properly dismissed December 30, 1936, for the reason that within 30 days thereafter, viz., January 26th, an order was entered resetting the case for trial, and for the further and controlling reason that the parties went to trial and tried the case on its merits without any objection.

In these circumstances both parties would be estopped to say that the court was without jurisdiction to hear the cause because the case had been dismissed more than 30 days prior to the trial, although neither party had any notice of the dismissal until long afterward. *Zandstra v. Zandstra,* 226 Ill. App. 293; *Herrington v. McCollum,* 73 Ill. 476.

"In the *Zandstra* case we said (p. 306) : 'In the *Herrington* case [73 Ill. 476] the bill was dismissed in 1863. The cause was reinstated in 1865 without notice, and it was contended that the court had no jurisdiction to reinstate the case. The record there showed that after the case was reinstated orders were entered at the request of each of the parties and the case was tried. The court there said (p. 479) : "The court, unquestionably, had jurisdiction of the subject-matter of litigation; and it has never been questioned that the parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance." ' "

After the entry of the order of dismissal all of the parties having participated in proceedings that involved the merits of this cause, the court had jurisdiction of them and of the subject matter. We are impelled to hold that the order of the trial court vacating the order of dismissal was properly entered and it is affirmed.

*Affirmed.*

FRIEND, P. J., and BURKE, J., concur.