People ex rel. Olga (Hamilton) Bowdry, for and on Behalf of Doloris Ann Bowdry, Minor, Appellant, v. Matthew Bowdry et al., Appellees.

Gen. No. 43,101.

Opinion filed October 23, 1944. Released for publication November 6, 1944.

BRADEN, HALL, BARNES & BLAKEY, of Chicago, for appellant; ZEDRICK T. BRADEN and EUGENE M. JONES, both of Chicago, of counsel.

JOSEPH GRANICK, of Chicago, for appellees.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Relator appeals from an order entered November 26, 1943 dismissing her petition for a writ of *habeas corpus* to determine the custody of her child, Doloris Ann Bowdry, about five years of age, then in the custody of the respondents, Gracey S. Pollard and Mary Pollard, his wife, under a decree of adoption entered in the county court of Cook county July 22, 1942 with the consent of Matthew Bowdry, father of the child.

The abstract of record not being in the form required by our rules, it has been necessary to refer to the record, which shows that on June 24, 1942 Gracey S. Pollard and Mary, his wife, filed their petition of adoption alleging that the petitioner Mary Pollard is the grandmother of Doloris Ann Bowdry and, with her husband, has had the sole care, custody and control of Doloris since November 1939; "that said Olga Bowdry, the mother, wilfully deserted and abandoned said child and disappeared," and that Matthew Bowdry, the father, has entered his appear-

ance and consented to the adoption of Doloris by petitioners. On the same day summons was issued, returnable July 22, 1942, and returned not served as to relator Olga Bowdry. Service by publication was then had as to her and her last named place of residence given as 4232 South Parkway, Chicago, Illinois. On July 22, 1942 the default of relator was taken, evidence heard and decree of adoption entered finding "that the cause of the adoption of the said child is that the mother, Olga Bowdry, also known as Olga Hamilton, has abandoned said child, and the father has consented to the adoption of said child by the petitioners." August 6, 1942 relator filed her petition for *habeas corpus*, but before action was taken thereon she on August 12 filed her petition in the county court to vacate the decree of adoption, alleging that she had never wilfully deserted or abandoned Doloris, that she had never been served with any summons in the adoption proceeding and had never lived at 4232 South Parkway, Chicago, and that her address and whereabouts were known to the petitioners in the adoption proceeding. August 26, 1942 her general appearance was entered in the adoption proceeding and thereafter, on November 10, the court "after hearing all the evidence adduced and the arguments of counsel," denied relator's motion to vacate the decree of adoption. More than a year later a hearing was had on the petition for writ of *habeas corpus* and the petition denied.

Relator contends that the county court was without jurisdiction of the statutory proceeding for adoption because jurisdiction of her person was not acquired in the manner prescribed by the statute and because the petition and decree were defective in failing to allege and find that relator had abandoned the child Doloris "for more than six months next preceding the filing of the petition." Whatever may have been

originally the merits of relator's contention of want of jurisdiction of her person in the adoption proceedings, such want of jurisdiction was waived by filing her general appearance and submitting to the court the question of her abandonment of the child Doloris. *MacKenzie v. MacKenzie,* 238 Ill. 616; *People ex rel. Rea v. Cairo, V. & C. R. Co.,* 243 Ill. 217; *Freise v. Mid-City Trust & Savings Bank,* 298 Ill. App. 17.

Since 1907 the statute relating to adoption has prescribed among the grounds of unfitness of a parent justifying adoption without the parent's consent "(e) abandonment of the child, or (f) desertion of the child for more than six months next preceding the filing of the petition." Under the former statute, which required that the court must be "satisfied that the parents of the child or the survivor of them has deserted his or her family, or such child, for the space of one year next preceding the application," it was held that a petition merely alleging that the mother had deserted the child was not sufficient to give the court jurisdiction to enter the decree. *Watts v. Dull,* 184 Ill. 86, 94, 95. Relator contends that under the present statute abandonment of the child, like desertion, must be for more than six months next preceding the filing of the petition to give the court jurisdiction and relies upon the case of *People ex rel. Frentz v. Frentz,* 256 Ill. App. 259, which like the present case, was a *habeas corpus* proceeding for the custody of the child. In that case the petition, after alleging that the mother of the child was dead, charged "that for a period of three years he (the father) abandoned and neither supported nor cared for her (the child) in any way." In the opinion of the court Mr. Justice HOLDOM said (267): "Such averments do not conform to any of the provisions of section 3, *supra.* That section provides that the unfitness of the parents or surviving parent must be:

. . . abandonment of the child or desertion of the child for a period of six months next preceding the filing of the petition. It is apparent from the petition that its averments do not fulfill the requirements of the statute." The other judges of the court did not agree with this statement and it is not the law of the case. Mr. Justice RYNER, specially concurring in the reversal of the judgment of the trial court denying the petition, said (271): "I do not, however, concur in the view that abandonment as a ground for adoption, under the statute, must be for a period of more than six months next preceding the filing of the petition for adoption. In dealing with the subject of abandonment of property the Supreme Court of this State, in the case of *Burns v. Curran,* 275 Ill. 448, said: 'The question of abandonment is one of intention, to be determined from the evidence, and there is no abandonment unless the premises are left with an intention of not again resuming possession.' The natural interpretation of the adoption statute makes it accord with the principle of law announced by the Supreme Court. The element of time is a factor to be considered in determining whether there has been an abandonment of property or children, but it is not controlling." Mr. Presiding Justice. WILSON, dissenting, said (273): "The decree of adoption introduced in the *habeas corpus* proceeding found that the court had jurisdiction of the subject-matter and of the person and set forth *in extenso* all the facts necessary to sustain that proposition. It contained a finding that the father of the child abandoned said child for about two years. Abandonment need not necessarily be continuing, but may be. Desertion may continue after abandonment, but the words, 'for about two years' following the word, 'abandoned' in the decree is surplusage and mere irregularity." In the more recent case of *In re Petition of Ekendahl v. Topol,* 321 Ill. App. 457, decided by the third divi-

sion of this court, the mother of the child, seeking to set aside an adoption decree, contended that the decree was void for want of findings that the abandonment was for a period of six months next preceding the filing of the petition. The court (p. 463) overruled this contention with the statement that "There is no such requirement in the Act." In speaking of the term "abandonment" as used in statutes relating to adoption, 1 Am. Jur., Adoption of Children, § 42, says: "Abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." When the statute was amended in 1907, desertion was already a cause for adoption. This was retained, although the length of the desertion was reduced from one year to six months. Abandonment of the child was added as an additional ground of unfitness of the parent. Time is not an element of abandonment, except as it may be evidence of the intention to abandon, and we concur in the holding of the third division of this court that the abandonment, unlike desertion, need not be continuing for more than six months next preceding the filing of the petition.

The county court, therefore, had jurisdiction in the adoption proceeding, and the order denying the petition for a writ of *habeas corpus* is affirmed.

*Order affirmed.*

MATCHETT and O'CONNOR, JJ., concur.