Gilbert W. Smith and Emily C. Smith, Appellants, v. Pamala Ann Crivello and Eugene Crivello, Appellees.

Term No. 49M10.

504

Opinion filed September 26, 1949. Rehearing denied October 25, 1949. Released for publication October 26, 1949.

MANUEL M. WISEMAN, of Alton, and PHILIP G. LISTEMAN, of East St. Louis, for appellants.

O'NEILL & DAVEY, of Alton, and DICK H. MUDGE, JR., of Edwardsville, for appellees.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Gilbert W. Smith and Emily C. Smith, petitioners appellants, being the maternal grandparents of Pamala Ann Crivello, appeal from an order of the county court of Madison county, Illinois, denying their petition to adopt said grandchild. Said petition was resisted by Eugene Crivello, father of Pamala Ann.

The petition in question was filed on October 29, 1947. In the petition, it was alleged that Mr. Crivello had been guilty of, ''abandonment of the child, or desertion of the child for more than six (6) months next preceding the filing of this petition.'' By his pleadings and by oral stipulation, the appellee, Eugene Crivello, admitted all of the material allegations of said petition with the exception of the allegation quoted above. The trial court after hearing the evidence introduced on this issue found that Mr. Crivello had not been guilty of desertion and had not been guilty of abandonment of said child, Pamala Ann Crivello. The lower court

thereby ordered that the adoption petition be denied and the costs therein be taxed against the petitioners appellants. The only issue presented to this court is whether the lower court's ruling finding that Mr. Crivello had not abandoned and had not deserted his child was correct.

The evidence discloses that Eugene Crivello, while he was in the armed services, was married to Dolores Smith on October 4, 1942. Pamala Ann Crivello was born from said marriage on September 25, 1943. Dolores Crivello died August 16, 1944, at Bangor, Maine, where she had gone to join her husband, who was in the Army Air Forces. At that time, Pamala had been left with the petitioners appellants in Alton, Illinois. When his wife died, Mr. Crivello had no place to send the child except his wife's parents, the petitioners appellants. After his wife's death, Mr. Crivello was sent to Meeks Field, Iceland, and was stationed there until his discharge from the armed services in October 1945. For some eleven months after his wife's death, Mr. Crivello sent his daughter, Pamala Ann, an allotment.

On being released from service, he lived with the petitioners and his little daughter for about two weeks and then moved with his aged father. Mr. Crivello visited his child frequently, about once a week, until his remarriage on September 21, 1946. Since that time, his visits have been less frequent. Prior to the filing of this petition, defendant appellee had visited his child only three times in 1947, the last visit being made on her birthday, September 25, 1947. On said occasion, Mr. Crivello brought his child a birthday card and a $20 bill. The petitioners appellants asked Mr. Crivello after he was remarried if he wanted the child. He replied he had no intention of taking her from them.

Other than for the eleven months allotment made by the defendant appellee during the time he was in the armed services and approximately $100 sent by check, Mr. Crivello has provided no support for his child to

the date the petition was filed. He has a $500 insurance policy in the name of the child. Mr. Crivello is now the manager of one of the Wohl Shoe Company department stores. At no time has he lived more than nine miles from the home of the petitioners. The petitioners appellants are well-to-do people and have never requested Mr. Crivello to contribute for the support of his child. None of the witnesses who testified in this action were able to say that Mr. Crivello had ever mistreated his child.

The petitioners appellants testified that at the time of Mrs. Crivello's death, the defendant appellee told them the child was theirs or words to that effect. Mr. Crivello denies this saying he was, at that time, "emotionally upset" and that he couldn't remember what he told them.

Under such circumstances the law is clear that the findings of the trial judge concerning the question of abandonment and the question of desertion are not to be disturbed unless it can be said that such findings are clearly and manifestly against the weight of the evidence. *People ex rel. Yarmulnick v. Hoff,* 323 Ill. App. 535; *Ehrich v. Brunshwiler,* 241 Ill. 592. In the case at bar there would appear to be no question concerning the subject of desertion. Our statute requires that said desertion exist for six months preceding the trial. The uncontradicted evidence is to the effect that Mr. Crivello visited his daughter on her birthday, September 25, 1947, approximately a month before the petition was filed.

In considering the subject of abandonment, our courts have held that such a question is one of intention, to be determined from the evidence. Abandonment imports any conduct on a part of the parent which evidences a settled 'purpose of foregoing of parental duties and relinquishments of parental claims to the child. *In re Petition of Ekendahl v. Topol,* 321 Ill. App. 457; *People ex rel. Bowdry v. Bowdry,* 324 Ill.

App. 52, and cases cited. After a careful consideration of the evidence introduced, this court does not feel warranted in holding that the findings of the lower court were against the manifest weight of the evidence. The trial judge heard the witnesses and was better able than we to judge the credibility of such. His ruling will not be disturbed.

The judgment of the county court of Madison county, is hereby affirmed.

SCHEINEMAN, and CULBERTSON, JJ., concur.