Joseph Mateyka and Norma Mateyka, Petitioners-Appellees, v. Joyce Smith, Defendant-Appellant, and James Lee Smith and Gregory Smith, Defendants.

Gen. No. 64–F–1.

Fifth District.

March 2, 1964.

1

Goldenhersh & Goldenhersh, of East St. Louis, for Joyce Smith, appellant.

Listeman and Bandy, of East St. Louis, for appellees.

WRIGHT, JUSTICE.

Petitioners, Joseph Mateyka and Norma Mateyka, filed a petition in the Circuit Court of Madison County on October 17, 1961, for the adoption of Gregory Smith, who was born on August 27, 1961. The defendant filed a consent for adoption and an entry of appearance to the petition.

On July 11, 1962, the defendant filed a motion for leave to withdraw her consent and entry of appearance to the petition for adoption. The court on September 5, 1962, entered an order continuing the hearing on the motion to withdraw the consent and entry of appearance and granted defendant leave to file an answer and affirmative defenses to the petition. Defendant on September 19, 1962, filed an answer and affirmative defenses by which she neither admitted or denied the material allegations in the petition and alleged that the consent for adoption filed by her was invalid because the import thereof was not understood by her at the time of the execution, and that the court at the time of the execution of the consent had not authorized any person to acknowledge it.

The case was heard by the court on October 9, 1962, and following the hearing a judgment order was entered finding that the purported consent to adoption was not valid and the petition for adoption should be

2

dismissed and directing petitioners to restore the child to the custody of the defendant.

Petitioners on October 15, 1962, filed a motion to vacate the aforesaid order or in the alternative to grant them a new trial, and on November 9, 1962, the court affirmed the judgment order entered on October 9, 1962, and granted petitioners leave to file an amended petition. Petitioners on November 16, 1962, filed their amended petition for adoption alleging, among other things, that defendant on or about September 2, 1961, abandoned and deserted the child and had not given him any maternal care and attention since that date and that she was a wholly unfit person to have the care and custody of said child. Defendant on November 20, 1962, filed a motion to dismiss the amended petition which was overruled and defendant thereafter answered the amended petition and denied that she had abandoned the child and was unfit to have the custody of the child.

The court heard evidence on the issues made by the amended petition and answer thereto on March 4, 1963, and following the hearing the court on March 6, entered a decree finding that the defendant on or about September 2, 1961, abandoned said minor child, Gregory Smith, to the petitioners and they have had such child in their exclusive care and custody from that date hence; that said defendant, Joyce Smith, is an unfit person to have the care and custody of said child and that it is for the best interest of the child, Gregory Smith, that he be adopted by the petitioners. From this decree, defendant appeals.

■ It is the theory of the defendant that the original judgment herein entered on October 9, 1962, is final; that petitioners should not have been permitted to file an amended petition; that petitioners were not and are not entitled to file a new petition; because the original judgment entered on October 9, 1962, is

3

res judicata, and was a final determination on the merits in favor of the defendant. In the alternative, defendant argues that the issue of abandonment was resolved by the original judgment herein, and that the findings in the decree for adoption entered on March 6, 1963, that defendant was unfit to have the care and custody of her child and that it would be for the best interest of the child to allow the adoption are against the manifest weight of the evidence.

The general rule is that, on the principle of res judicata, a judgment rendered by a court having jurisdiction of the parties and subject matter is conclusive and indisputable evidence as to all facts or questions in issue in the action and actually determined therein, when the same facts or questions are again put in issue between the same parties or their privies. 23 ILP, Judgments, Sec 377. What has been adjudicated is to be determined from a consideration of the judgment actually entered in reference to the issues presented for decision. Adams v. Pearson, 411 Ill 431, 104 NE2d 267; Champion v. Champion, 20 Ill App2d 271, 156 NE2d 16. The court looks to the proceedings in the earlier hearing to ascertain what the issues were and how they were resolved. 23 ILP, Sec 382; Katz v. Berkos, 316 Ill App 569, 45 NE2d 566.

The original petition for adoption filed herein, alleges among other things, that the name of the father of said child is James Lee Smith; that the name of the mother of said child is Joyce Smith; that the mother, Joyce Smith, consents to the adoption and that the father, James Lee Smith, is unfit to have the child because he has abandoned and deserted said child. There was no allegation in the original petition that the child had been abandoned by its mother, Joyce Smith, or that Joyce Smith was an unfit person to have the custody of her child, and the judgment of October 9, 1962, contained no finding concerning abandonment by

4

or the unfitness of Joyce Smith to have the custody of her child, but passed only on the question of the validity of the consent.

The original order stated, "Now on this 9th day of October, A. D. 1962 this action comes on to be heard before the Court; after hearing the sworn testimony and being fully advised in the premises the court finds that the purported consent to adoption executed by the respondent, Joyce Smith, herein, is not valid and that the acknowledgment thereof should not be validated by the Court." . . . This order was not final on any question other than the validity of the purported consent. The original order entered on October 9, 1962, held only that the purported consent executed by the defendant, Joyce Smith, was invalid and this judgment was not res judicata on the issue of abandonment of the child by Joyce Smith or the unfitness of Joyce Smith to have said child.

■ We do not believe that the trial court erred in granting the petitioners leave to file an amended petition after entering the order of October 9, 1962, holding that the purported consent was invalid. The provisions of the Civil Practice Act and the rules adopted pursuant thereto, apply to all adoption proceedings except as otherwise specifically provided in the Adoption Act. (Ill Rev Stats 1961, c 4, § 9.1–20.)

Sec 46(1) of the Civil Practice Act (Ill Rev Stats, 1961, c 110), is as follows:

> "(1) At any time before final judgment amendments may be allowed on just and reasonable terms, . . . changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense." . . .

5

Leave to file the amended complaint herein was granted and the amended complaint was filed prior to any final judgment on the merits of the case. Granting or denying leave to amend pleadings is a matter within the discretion of the trial judge and except where there is a clear and manifest abuse of that discretion, the decision of the trial judge will not be disturbed on appeal. Davidson v. Olivia, 18 Ill App 2d 149, 151 NE2d 345.

 We next consider the testimony adduced at the trial on March 4, 1963, on the issue of abandonment of the child by defendant, Joyce Smith, and her unfitness to have the custody of said child.

Norma Mateyka, one of the petitioners, testified that the child came into her custody on September 2, 1961, and had been in her custody since and that before the child's birth on August 27, 1961, she had talked to Joyce Smith on the phone and Joyce had called her three or four times and informed her that she wanted her to take the child and that she would never want the baby back. She further testified that she told Joyce that she wanted to adopt the child and Joyce assured her that she would never want the child back.

Some time after she discovered her pregnancy with Gregory, Joyce Smith counselled with her aunt, Mrs. Bortscheller, and requested her to take the child at birth. Mrs. Bortscheller testified, "Joyce told me before the child was born that she did not want it. She asked me if I knew any one who she could give it to. I told Mrs. Mateyka about it. I went to the hospital and Joyce got in the car with me, and then she got out of the car and I took the baby to my home. She knew who I had gotten to take the child."

Barbara Woods, a first cousin of the defendant, testified that in May or June, 1962, the defendant told her that she had stayed all night in a motel with Everett Woods, the witness's brother-in-law. She also

testified that while the defendant was separated from Smith and was living in her mother's home, she visited her mother and found defendant in bed; that defendant stated that she was incapacitated because of hemorrhaging from a recent abortion.

In the summer of 1962, the defendant was involved in an all night tavern hopping expedition with her cousin and uncle in East St. Louis that terminated in the suicide of her cousin.

Joyce Smith testified that she was twenty-four years of age and was first married at the age of 18 or 19 to James Lee Smith, and that before her first marriage she had an illegitimate child born to her on June 15, 1954, and that thereafter she was married to James Lee Smith; that she got a divorce from Smith on January 12, 1962, and that Gregory Smith was born on August 27, 1961, and that James Lee Smith was not the father of the child. She denied that she had stayed all night in a motel with Everett Woods and that she did not tell Barbara Woods that she had; that she did not tell Barbara Woods that she had had an abortion. She admitted that on the night of July 22, 1962, she, with her cousin and uncle, visited various taverns in East St. Louis; and that later in the night after visiting and drinking in these taverns and while riding in a car being driven by her cousin that he committed suicide by shooting himself. She denied that she had ever told Mrs. Mateyka or anyone else that she did not want her child.

In considering the subject of abandonment, our courts have held that such question is one of intention to be determined from the evidence. Abandonment imports any conduct on the part of the parent which evidences a settled purpose to forego parental duties or relinquishment of parental claims to the child. Smith v. Crivello, 338 Ill App 503, 88 NE2d 107; In re Petition of Ekendahl et ux., 321 Ill App 457, 53 NE2d 302.

7

The court in its final decree of March 6, 1963, found the defendant had abandoned Gregory Smith to petitioners on September 2, 1961, and that defendant was not a fit person to have the custody of said child. The trial judge had the best opportunity to observe the parties and their conduct and demeanor while testifying. This is a vital factor in evaluating the correctness of his determination. We should not disturb his findings unless they are palpably against the weight of the evidence. Giacopelli v. Florence Crittenton Home, 16 Ill2d 556, 158 NE2d 613. Although all reasonable men might not agree in every respect with the findings of the trial court, we cannot say, as a matter of law, that they are against the manifest weight of the evidence. The trial judge saw and heard the witnesses and was better able than we to judge their credibility. His ruling will not be disturbed. Smith v. Crivello, supra.

The evidence reveals the petitioners are reputable people who have been married since 1950 and have lived as husband and wife, but who had no children of their own. Their standing in the community and their industry is amply supported by the report of the Probation Officer made under the direction of the trial court. At the trial of this case, on March 4, 1963, the defendant admitted that the petitioners were fit and proper parties to adopt the child. From a careful review of the record, we cannot say, as a matter of law, that the finding of the trial court that it would be to the best interest of the child to allow the adoption is against the manifest weight of the evidence.

For the reasons herein stated, the decree of the Circuit Court of Madison County should be and is hereby affirmed.

Decree affirmed.

DOVE, P. J. and REYNOLDS, J., concur.