LINAS BURYS, Plaintiff-Appellant and Cross-Appellee, v. FIRST BANK OF OAK PARK *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)   No. 1—88—0780

Opinion filed August 11, 1989.

Edward C. Fitzpatrick, Neil H. Cohen, and Timothy M. Maggio, all of Lord, Bissell & Brook, of Chicago, for appellant.

Daniel Nagle and Patrick J. Ruberry, both of Nagle & Gallagher, of Chicago, for appellees.

JUSTICE COCCIA delivered the opinion of the court:
Plaintiff Linas Burys appeals from an order entered by the circuit court, granting summary judgment in favor of defendant First Bank of Oak Park upon counts II and III of his complaint. First Bank cross-appeals from the circuit court's refusal to dismiss those counts on the grounds that they were barred by a prior judgment. Because Burys has now abandoned the claims he pled in counts II and III, and because he now raises claims he did not plead below, we affirm the circuit court's entry of summary judgment against him. In light of this conclusion, we need not reach First Bank's cross-appeal; accordingly, we dismiss it.

Burys' complaint was filed on October 28, 1982. He alleged therein that First Bank owned an office building located at 1515 North Harlem Avenue. In 1977, First Bank sold that property to Milfred Towne and Howard Orleans, who are not parties in this case. First Bank, as trustee, and Towne and Orleans, as beneficiaries, created a land trust, which took title to the property. The transaction was financed by two bearer notes secured by a trust deed. Paragraph 14 of the real estate sales contract entered into by First Bank, as seller, and Towne and Orleans, as buyers, stated:

"Seller agrees that on the Due Date, provided there shall be no default under either of the Notes or the mortgage securing both of the Notes, the obligation for repayment of both of the Notes shall be extended and modified ***."

In 1980, Burys claims, Towne and Orleans agreed to assign him their rights and obligations under the trust deed, the notes, and the contract, when they were unable to pay for certain repairs he made to the building.

In count I of his complaint, Burys charged First Bank with fraud. He claimed that First Bank falsely represented to him that it would extend the repayment period of the notes if he agreed to assume the obligations of Towne and Orleans. Thereafter, according to Burys, First Bank fraudulently refused to extend the notes.

Burys defaulted on the notes, however, and First Bank successfully prosecuted a foreclosure action. (Burys states that, although he did not appeal the foreclosure judgment, he has since redeemed the property.) First Bank then moved to dismiss his complaint on the grounds that the theories he pled were virtually identical to affirmative defenses which he raised, and which were rejected, in the foreclosure action. Thus, First Bank argued, Burys' claims were barred by the foreclosure judgment. The circuit court concluded that only count I of Burys' complaint was barred and dismissed it. Burys has not appealed the dismissal of count I, so it is not before us.

In count II, Burys charged First Bank with anticipatory breach of its written agreement to renew the notes. Prior to the notes' due date, alleged Burys, he demanded that First Bank renew them, but it refused to do so.

Burys alleged that First Bank was guilty of breach of its fiduciary duties in count III. By failing to renew the notes when they were due, Burys asserted, First Bank acted inconsistently with its duties as trustee of the land trust, of which he had become a beneficiary.

After obtaining the dismissal of count I of Burys' complaint, First Bank moved for summary judgment on counts II and III. Regarding

count II, First Bank contended that under paragraph 14 of the real estate sales contract, quoted above, the notes' extension was conditioned upon the absence of default. Inasmuch as Burys was undeniably in default, given its success in the foreclosure action, First Bank asserted that it had not committed breach of contract by refusing to extend the notes. Regarding count III, First Bank argued that under Illinois law, a land trustee cannot commit breach of fiduciary duty toward a beneficiary by acting as a creditor of the debtor trust. See "An Act in relation to land trusts and the power and authority of trustees of land trusts to deal with trust property" (Ill. Rev. Stat. 1983, ch. 148, par. 81 *et seq.*).

After hearing arguments, the circuit court entered summary judgment in First Bank's favor on counts II and III of Burys' complaint. The circuit court decided that, since Burys undoubtedly defaulted on the notes, First Bank had no obligation to renew them under the terms of the contract. Therefore, in contrast to the allegations of count II, the circuit court determined that First Bank did not commit breach of written contract by refusing to extend the notes. The circuit court also concluded that Burys could not prevail on his breach of fiduciary duty claim, as set forth in count III. The circuit court reasoned that Illinois law imposed no such duty, as alleged by Burys, upon First Bank.

In his notice of appeal, Burys stated that he was appealing from the circuit court's entry of summary judgment in favor of First Bank on counts II and III of his complaint. His initial brief, however, failed to include a statement of the issues presented for review, contrary to Illinois Supreme Court Rule 341(e)(3) (113 Ill. 2d R. 341(e)(3)). Furthermore, Burys' initial brief failed to include an appendix, contrary to Supreme Court Rule 342(a) (107 Ill. 2d R. 342(a)). On the basis of these deficiencies, we granted First Bank's motion to strike his initial brief. In his corrected brief, Burys has now abandoned the claims he pled in counts II and III. In their stead, he now argues claims that were not pled below.

■ In his corrected brief, Burys only mentions the theories pled in counts II and III of his complaint—anticipatory breach of written contract and breach of fiduciary duty, respectively—in response to First Bank's cross-appeal. That cross-appeal, as mentioned above, is premised upon First Bank's assertion that the circuit court erred in refusing to rule that counts II and III, like count I, were barred by the foreclosure judgment, but he does not argue that the circuit court erred by entering summary judgment against him on the claims pled in those counts.

Supreme Court Rule 341(e)(7) provides:

"Points not argued are waived * * *." (113 Ill. 2d R. 341(e)(7).) When a plaintiff pleads a claim in the circuit court, but fails to argue it on appeal, such conduct amounts to a waiver of that claim. (See *Ray's Liquors, Inc. v. Newland* (1977), 52 Ill. App. 3d 680, 681, 367 N.E.2d 982, 983-84.) Burys has failed to argue the claims he pled in the circuit court in any of his briefs. Consequently, he has waived the theories pled in counts II and III.

■■ Burys now argues two theories that he did not plead below. In the first place, Burys apparently claims that First Bank breached a good-faith duty to notify him that it would not renew the bearer notes when they were due. He raised this theory before the circuit court at the hearing on First Bank's motion for summary judgment. The circuit court rejected the claim, concluding the First Bank had no duty to notify Burys of that which was expressly stated in the real estate sales contract: namely, the notes would not be extended if they were in default. Burys did not seek leave to amend his complaint in order to plead this, or any other, theory. Since it was not pled below, it falls within the rule prohibiting presentation of new theories on appeal. See *Miscevich v. Commonwealth Edison Co.* (1982), 110 Ill. App. 3d 400, 404-05, 442 N.E.2d 338, 342.

■■ In the second place, Burys apparently claims that First Bank breached an unconditional oral promise to renew the notes. He states that this promise was made to him by First Bank's former president. In his complaint Burys averred that First Bank had an unconditional duty to renew the notes, but this averment was based upon paragraph 14 of the real estate sales contract, quoted in his complaint. Paragraph 14, which is also set forth above, clearly states that First Bank was under no duty to extend the notes if they were in default.

In *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 431 N.E.2d 48, a medical malpractice action, the circuit court entered summary judgment in favor of defendants. On appeal, plaintiffs raised the theory of lack of informed consent to surgery. The appellate court concluded that plaintiffs had alleged misdiagnosis of plaintiff Richard Bennett's condition, but that they had failed to allege a cause of action based upon lack of informed consent. Since the issue of lack of informed consent was not clearly raised by plaintiffs' pleadings in the circuit court, the appellate court held that it could not be considered for the first time on appeal. (See *Bennett*, 103 Ill. App. 3d at 327-28, 431 N.E.2d at 53.) Here, Burys alleged a cause of action grounded upon anticipatory breach of written contract in count II of his complaint, but he did not allege a cause of action based upon breach of an uncon-

388

ditional oral promise to renew the notes. Thus, in view of *Bennett*, Burys cannot bring his newly minted theory before us.

For the reasons stated, the circuit court's entry of summary judgment in First Bank's favor on counts II and III of Burys' complaint is affirmed. As we need not reach First Bank's cross-appeal, given our holding, it is dismissed.

Affirmed; cross-appeal dismissed.

MURRAY, P.J., and LORENZ, J., concur.