*In re* PETITION OF FRANK FILIPPELLI *et al.* (Frank J. Filippelli *et al.*,
Petitioners-Appellees; Mary Christine Woodham, Respondent-Appellant).

First District (6th Division)   No. 1—90—0388

Opinion filed December 21, 1990.

Briskman & Briskman, of Chicago (Robert I. Briskman, of counsel), for appellant.

Mandel, Lipton & Stevenson, Ltd., of Chicago (Richard A. Lifshitz and Carolyn E. Winter, of counsel), for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Petitioners, Frank J. and Linda M. Filippelli, brought a petition to adopt A.J.W., and respondent, A.J.W.'s natural mother, moved to dismiss the petition. The trial court on September 6, 1989, denied respondent's motion to dismiss and certified for interlocutory appeal the question raised by the motion. Respondent did not file a petition for leave to appeal within 14 days and proceeded with a trial on respondent's fitness as a parent. At the conclusion of the trial on January 10, 1990, the court found respondent unfit and terminated her parental rights. Respondent has filed an interlocutory appeal of the September 6 order denying her motion to dismiss the petition to adopt and of the January 10 order which found respondent an unfit parent and terminated her parental rights concerning A.J.W.

The record reveals that A.J.W., a four-year-old child, has lived with petitioners since March 12, 1989. On March 21, 1989, petitioners filed a petition to adopt A.J.W. In their initial petition, petitioners alleged that they were unrelated to A.J.W., who had been in their custody since March 12, 1989; the biological father was unknown; the respondent was under no legal disability and had surrendered the minor child to the petitioners; and the respondent had indicated her willingness to consent to the adoption of A.J.W. by petitioners. The petition asserted further that the unknown father was an unfit parent in that he had abandoned and deserted his child; failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of his child; and his consent to the adoption was not required.

On April 5, 1989, petitioners filed their first amended petition for adoption, which asserted that respondent's parents had surrendered the minor child to petitioners; respondent was an unfit parent in that she had failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child; and her consent to the adoption was not required.

On June 14, 1989, petitioners filed an amendment and supplement

to the first amended petition to adopt which alleged that respondent had placed the child with her parents, Kenneth and Mary Woodham, who thereafter placed the child with petitioners on March 12, 1989; respondent was an unfit parent in that she had abandoned the child and had an habitual addiction to drugs for at least one year immediately prior to the commencement of the proceedings; and Ronald Karp, the biological father, was an unfit parent in that he had abandoned the child and deserted his child for a period in excess of three months immediately preceding the filing of the amendment and had failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child.

The matter then proceeded to trial on the issue of the fitness of respondent and Karp. On July 20, 1989, respondent made an oral motion to dismiss the first amended petition to adopt, as subsequently supplemented and amended. Petitioners filed a memorandum of law in opposition to respondent's motion and addressing the applicability of the third district's decision in *Johnson v. Burnett* (1989), 182 Ill. App. 3d 574, 538 N.E.2d 892. Respondent filed a memorandum of law in reply to that filed by petitioners.

On September 6, 1989, the trial court denied respondent's motion to dismiss the petition to adopt, but found that A.J.W. was not available for adoption and would not be available for adoption until there was a finding his parents were unfit. The court also indicated that the case should go forward on the issue of the fitness of A.J.W.'s parents. The court held, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), that its order denying the motion to dismiss involved a question of law as to which there was substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, and the court certified this question for interlocutory appeal.

Respondent did not file a petition for leave to appeal within 14 days as required by Rule 308, and instead continued to litigate the question of her parental unfitness as alleged by petitioners.

At the trial on respondent's fitness, several witnesses, including Linda Jo Seglar, Dr. Donald Sellers, Louise Kordat, Dr. Bernard Newman, Janet Kerwin, and Miriam Dedeian, testified that respondent had a history of drug abuse and had been addicted to alcohol and drugs for at least one year prior to the commencement of the proceedings. Of all the witnesses who testified at the trial, only respondent testified that she never abused or had been addicted to drugs. Respondent did acknowledge, however, that she had used marijuana and had snorted and freebased cocaine during her pregnancy with her

daughter who was two years younger than A.J.W.

The petitioners testified that they had been told by respondent's sister and parents that respondent would consent to their adoption of A.J.W.

Respondent testified that she did not know how her son came to live with the petitioners, but that she had been away from her home for several weeks because she was staying in Brookfield, Illinois, watching the home of someone else. Respondent stated that she first learned in the last week of May that her son was living with the petitioners. Respondent's sister and parents testified that they had never told petitioners that respondent would consent to their adoption of A.J.W.

On January 10, 1990, the court entered an order finding that respondent had left A.J.W. with her parents, who subsequently placed the child with the petitioners for the purpose of their adopting the child. The court also found that petitioners had proved by clear and convincing evidence that respondent was habitually addicted to alcohol and drugs, other than those prescribed by a physician, for at least one year immediately prior to the commencement of the proceedings.

The court terminated respondent's parental rights concerning A.J.W., and the matter was continued for further proceedings to determine the best interests of the child in allowing the petition for adoption. The court subsequently entered an order finding Ronald Karp in default and terminating his parental rights concerning A.J.W. Respondent filed the instant interlocutory appeal on February 8, 1990.

■ Respondent appeals the September 6, 1989, order denying her motion to dismiss the petition to adopt. Initially, we note that although the question raised by the motion was certified for appeal under Supreme Court Rule 308, respondent failed to file a petition for leave to appeal within 14 days as required by that rule. Consequently, appellate jurisdiction cannot be invoked under Rule 308, and this interlocutory order is not appealable under this rule. *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704; *Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1975), 36 Ill. App. 3d 606, 344 N.E.2d 554.

■ Respondent contends that the September 6, 1989, order is appealable under Supreme Court Rule 304(b)(1), which provides that a party may appeal a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party (107 Ill. 2d R. 304(b)(1)). This contention is without merit because a denial of a motion to dismiss does

not finally determine a right or status of a party. *Rotary Club v. Harry F. Shea & Co.* (1983), 120 Ill. App. 3d 988, 994, 458 N.E.2d 1002, 1006.

▪ We must also reject respondent's assertion that this court can review the propriety of the September 6, 1989, order under Supreme Court Rule 307(a)(6) (107 Ill. 2d R. 307 (a)(6)) because it was "attendant to" the January 10, 1990, order which terminated her parental rights. A denial of a motion to dismiss is not appealable under any of the exceptions set forth in Rule 307. (*Rotary Club*, 120 Ill. App. 3d at 994, 458 N.E.2d at 1006.) Rule 307 allows only the review of the order from which a party takes an appeal, and such an appeal does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed. *Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882, 887, 414 N.E.2d 21, 24; *Panduit Corp. v. All States Plastic Manufacturing Co.* (1980), 84 Ill. App. 3d 1144, 1151, 405 N.E.2d 1316, 1321.

Because respondent has failed to properly invoke the jurisdiction of this court to review the order of September 6, 1989, that interlocutory order is not now subject to review.

Respondent also appeals the order of January 10, 1990, which found that respondent was an unfit parent in that she was habitually addicted to alcohol and drugs, other than those prescribed by a physician, for at least one year immediately prior to the commencement of the proceedings, and which terminated her parental rights concerning A.J.W.

▪ This order is appealable under Supreme Court Rule 307(a)(6), which provides for review of interlocutory orders terminating parental rights. Yet, respondent has not argued that the court's determination of unfitness was against the manifest weight of the evidence. Consequently, respondent has waived review of that issue. 107 Ill. 2d R. 341(e)(7); *Burys v. First Bank* (1989), 187 Ill. App. 3d 384, 543 N.E.2d 253.

In urging reversal of the January 10, 1990, order, respondent argues that petitioners could not file their petition before the trial court had entered a finding that respondent was unfit.

In support of this claim, respondent relies upon *Johnson v. Burnett* (1989), 182 Ill. App. 3d 574, 538 N.E.2d 895, where the third district held that section 8 of the Adoption Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 1510) requires that the parents be found unfit prior to the filing of a nonrelated party's adoption petition. (*Johnson*, 182 Ill. App. 3d at 578, 538 N.E.2d at 895.) We respectfully disagree with this decision.

■■ ■ Section 5A of the Adoption Act provides, in relevant part, that a proceeding to adopt an unrelated child shall be commenced by the filing of a petition within 30 days after such child has become available for adoption. (Ill. Rev. Stat. 1989, ch. 40, par. 1507A.) The definition of a person available for adoption includes a child to whose adoption no consent is required pursuant to section 8 of the Act. (Ill. Rev. Stat. 1989, ch. 40, par. 1501F(b).) Section 8(a)(1) of the Act provides that consent is not required where the person whose consent would otherwise be required shall be found by the court, by clear and convincing evidence, to be an unfit person as defined in section 1 of the Act. Ill. Rev. Stat. 1989, ch. 40, par. 1510(a)(1).

■■ An unfit person is defined as any person whom the court shall find to be unfit by reason of habitual drunkenness or addiction to drugs, other than those prescribed by a physician, for at least one year immediately prior to the commencement of the unfitness proceeding. (Ill. Rev. Stat. 1989, ch. 40, par. 1501D(k).) Section 5B provides that a petition to adopt a nonrelated child shall state that the person or agency having authority to consent under section 8 has consented, or has indicated willingness to consent, to the adoption of the child by the petitioners, or that the person having authority to consent is an unfit person and the ground therefor. Ill. Rev. Stat. 1989, ch. 40, par. 1507B(j).

■■ It has been held that the Adoption Act contemplates a two-step process: first, the filing of a petition, followed as soon as possible by a hearing, and then if consent or unfitness is found, the entry of an interim order; second, ordinarily after a six-month waiting period, the final decree of adoption. (*In re Adoption of Burton* (1976), 43 Ill. App. 3d 294, 302, 356 N.E.2d 1279, 1286.) This procedure was followed in *Mateyka v. Smith* (1964), 47 Ill. App. 2d 1, 361 N.E.2d 707, and appears to be the only method under the Adoption Act by which an adoption can be accomplished where the parents are unfit and refuse to consent.

■■ In every adoption case, there must be (1) a termination of parental rights by reason of consent or a finding of unfitness, and (2) a determination of whether the best interests of the child would be served by allowing the petition. The court must enter a finding of unfitness before an order of adoption can be entered, but we do not believe that the statutory language mandates that the trial court must enter its finding of unfitness before a petition to adopt can be filed.

■■ We believe that the Adoption Act allows the filing of a petition which alleges unfitness, and the ground therefor, and a subsequent hearing by the court in the adoption proceeding at which the

court determines whether the allegation of unfitness has been proved. Ill. Rev. Stat. 1989, ch. 40, pars. 1501D(k), 1507B(j); *Mateyka*, 47 Ill. App. 2d 1, 361 N.E.2d 707.

The statute does not provide that a finding of unfitness is a condition precedent to the filing of a petition to adopt. Rather, section 5A imposes a 30-day cut-off, or limitation, period and provides that a petition may not be filed at a later date without leave of court and a showing that the failure to timely file was not due to the petitioners' culpable negligence or their willful disregard of the provisions of that section.

This limitation precludes potential adoptive parents who have custody of the child from procrastinating in the filing of their petition. It provides protection to the child by encouraging potential adoptive parents to act promptly without undue delay and to bar those petitioners who, absent a showing of good cause, fail to demonstrate the appropriate concern and interest in the child to promptly proceed with their petition for adoption. This requirement serves the child's best interests by promoting certainty of the child's legal status, emotional and economic stability, and continuity of care.

The Illinois Supreme Court has held that the Adoption Act must be construed as a whole, without isolation of particular sections. *In re Estate of Tilliski* (1945), 390 Ill. 273, 61 N.E.2d 24.

We believe that the *Johnson* court did not construe the Act as a whole. That decision did not consider the portion of section 8(a)(1) which indicates that a person's consent is not required where the person "shall be found" to be unfit by clear and convincing evidence. The phrase "shall be found" is prospective and manifests a legislative intent that the court hold the hearing on fitness within the adoption proceeding following the filing of the petition to adopt. The *Johnson* decision also did not consider that the Act defines an unfit person as any person whom the court "shall find" to be unfit by reason of habitual drunkenness or addiction to drugs. This definition also indicates that the finding of unfitness is to be made after the petition to adopt has been filed.

In addition, the *Johnson* court did not address section 5B(j), which provides that a petition to adopt a nonrelated child shall state that the person or agency having authority to consent under section 8 has consented, or has indicated willingness to consent, to the adoption of the child by the petitioners, or that the person having authority to consent is an unfit person and the ground therefor (Ill. Rev. Stat. 1989, ch. 40, par. 1507B(j)). This section clearly contemplates that a petition to adopt may be filed alleging unfitness and the basis for the

allegation. This statutory provision does not require that the petition allege that a court of competent jurisdiction had previously entered a finding of unfitness, but only that unfitness be alleged along with the ground therefor.

Finally, the *Johnson* decision offered no guidance as to how unfitness is to be alleged and proven. The Adoption Act does not provide for the filing of a "petition for a determination of unfitness." Thus, if a petition to adopt may not be filed until a finding of unfitness has been entered, a petitioner has no device to bring the allegedly unfit parent before the court so such a finding could be made.

We note that in its order of January 10, 1990, the trial court specifically found that petitioners had proven by clear and convincing evidence that respondent was unfit. Consequently, even if we were to hold that the petition had been filed prematurely, the petitioners would be free to file an amended petition (Ill. Rev. Stat. 1989, ch. 110, par. 2—616), and the trial court's decision of January 10, 1990, would not be altered.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.