CHARLENE CAMP, Plaintiff-Appellee, *v.* THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellant.

First District (2nd Division)   No. 79-700

Opinion filed April 8, 1980.

Edward J. Egan, of Chicago (Robert M. McNeily, of counsel), for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

The Chicago Transit Authority (hereinafter referred to as the CTA) appeals, pursuant to Supreme Court Rule 308 (58 Ill. 2d R.308), from an order of the circuit court of Cook County which denied the CTA's motion to dismiss Charlene Camp's complaint.

The dispositive issue presented for review is whether the instant appeal has been properly taken so as to invoke our jurisdiction.

For reasons hereinafter set forth, we dismiss the appeal for lack of jurisdiction.

On July 11, 1978, Charlene Camp filed an action for damages resulting from personal injuries she allegedly sustained on January 13, 1978, while she was a passenger for hire on a vehicle owned and operated by the CTA. The CTA filed a motion to dismiss Camp's action pursuant to section 41 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 341), which provides, in part, that "[i]f the notice [of injury] provided for by this section is not filed as provided, any such civil action commenced against the [CTA] shall be dismissed and the person to

whom any such cause of action accrued for any personal injury shall be forever barred from further suing." In its motion the CTA argued that the notice of injury filed by Camp was defective because it failed to state the name and address of the attending physician.[1] On February 14, 1979, the trial court denied the CTA's motion to dismiss, finding that even though Camp's notice of injury did not include the name of the attending physician as required by section 41, the filing of the lawsuit within the requisite period constituted "substantial compliance" with section 41. The trial court further found there was "substantial ground for difference of opinion" as to the correctness of its order and that an immediate appeal may materially advance ultimate disposition of the litigation. The court identified the question of law involved as "what effect the filing of [Camp's] complaint against the CTA has (when the complaint is filed within the time required for a statutory notice), upon the statutory written notice requirement of Section 341 [*sic*] of the Metropolitan Transit Authority Act in light of past case law and other corollaries." On February 28, 1979, the CTA filed a notice of appeal with the clerk of the circuit court. On appeal, the CTA contends that the notice of injury was fatally defective and that Camp's filing of the lawsuit within six months of the injury did not cure her failure to file a notice of injury which fully complied with section 41. Camp has failed to file a brief.[2]

■■ Prior to considering an appeal on its merits, this court must determine if the appeal has been properly taken so as to invoke our jurisdiction. (*English v. English* (1979), 72 Ill. App. 3d 736, 739, 393 N.E.2d 18.) "The question of whether a court has jurisdiction is *always* open, and the court may of its own motion dismiss an action where want of jurisdiction appears." (*Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 629, 295 N.E.2d 41, citing *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 188 N.E. 329. See also *English v. English*, at 739; *Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 484, 325 N.E.2d 698.) Thus, even though not raised by the parties, if jurisdiction is lacking,

---

[1] Section 41 also provides that:

"No civil action shall be commenced in any court against the [CTA] by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the [CTA] for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the [CTA] either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any."

[2] This fact alone does not preclude us from considering the appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

the court may dismiss the appeal. *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624, 390 N.E.2d 1270.

■■ The rules of the supreme court are clear in the requirement that only a "final judgment of a circuit court in a civil case is appealable as of right." (58 Ill. 2d R. 301.) Appeals from interlocutory orders are permitted only as specifically provided in the rules. (See 58 Ill. 2d Rules 306, 307, 308; see also *English v. English*, at 739.) The denial of a motion to strike or dismiss of itself is not a final appealable order. (*People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 117, 203 N.E.2d 897; *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 656, 370 N.E.2d 47, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.) Thus, unless the present appeal is cognizable as an interlocutory order permitted only as specifically provided in Rule 308[3], we are without jurisdiction to consider the matter sought to be raised.

Rule 308, which governs permissive interlocutory appeals, provides in pertinent part:

> "(a) *Requests.* When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order.
>
> (b) *How Sought.* The appeal will be sought by filing an application for leave to appeal with the clerk of the Appellate Court within 14 days after the entry of the order in the trial court or the making of the prescribed statement by the trial court, whichever is later. An original and 3 copies of the application shall be filed."

This rule was intended to be used sparingly; it was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. (Ill. Ann. Stat., ch. 110A, par. 308, Committee

---

[3] Although the order appealed from also included the special finding that "there is no just reason for delaying enforcement or appeal" as required by Rule 304, this finding cannot confer appellate jurisdiction if the order appealed from is not in fact final. (58 Ill. 2d R. 304; *Prado v. Evanston Hospital*, at 624.) Rule 306 governs appeals from orders of the circuit court granting new trials and is therefore inapplicable to the instant appeal. Rule 307 establishes certain classes of interlocutory orders which are appealable as of right. In such cases the appellate court need not be petitioned for leave to appeal. A denial of a motion to dismiss, as presented in the case at bar, is not within any of these classes of interlocutory orders which are appealable as of right.

Comments, at 667 (Smith-Hurd 1968).) The appellate court is vested with the responsibility to "insure that this authority to allow interlocutory appeals is not abused." (Committee Comments, at 667.) Thus, the provisions of Rule 308 are to be strictly construed and applied. Rule 308(b) provides for application to the appellate court for permission to appeal because the appeal from an interlocutory order is not one taken as of right, but one which the appellate court may hear if it so chooses. (58 Ill. 2d R. 308.) In order for the appellate court to choose whether it will hear an appeal from an interlocutory order, an application for permission to appeal must be filed with the clerk of the appellate court.

In the case at bar the trial court on February 14, 1979, found, as required by Rule 308(a), that its order involved a question of law as to which there was substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. However, the CTA never filed an application for leave to appeal with the clerk of the appellate court. Instead, the CTA filed a notice of appeal with the clerk of the circuit court on February 28, 1979.

Research has revealed no Illinois case in which a permissive interlocutory appeal, pursuant to Rule 308, has been entertained without the appellant having filed an application for leave to appeal and without the appellate court having granted the application. Because Rule 308 establishes a procedure for permissive interlocutory appeals similar to the Federal procedure established by 28 U.S.C. §1292(b) (1976) and Rule 5 of the Federal Rules of Appellate Procedure,[4] the cases construing section 1292(b) and Rule 5, although not controlling, are nonetheless persuasive. In *Jones v. Diamond* (5th Cir. 1975), 519 F.2d 1090, the district court found on June 14, 1974, that its order involved a controlling question of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The appellant filed a notice of appeal in the Federal district court on June 24, 1974. However, he did not apply to the court of appeals for permission to appeal until 10 months later. The court of appeals held that it did not have jurisdiction, pursuant to section 1292(b), to hear the appeal.

---

[4] 28 U.S.C. §1292(b) provides:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay

■ Thus we conclude that our jurisdiction was not properly invoked because the CTA failed to file an application for leave to appeal as required by Rule 308.

Although we do not wish to detract from the primary effect of our above ruling, we note our disagreement with the trial court's finding that the instant case presents a question of law as to which there is substantial ground for difference of opinion as contemplated by Rule 308. In *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176, plaintiff brought an action against the city of Chicago to recover damages for injuries suffered when she fell into a hole in a sidewalk. The city moved to dismiss the complaint on the ground that plaintiff had failed to serve the city with proper notice of claim pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—102).[5] In support of its motion the city argued that notice was insufficient because plaintiff had failed to give the name and address of the treating hospital. Plaintiff, however, had commenced her lawsuit within the time required for filing a notice of claim. Our supreme court held at page 294 "that the filing of suit within the six-month period cured the defect in notice."

■ Research has revealed no authority contrary to *Saragusa v. City of Chicago*. Moreover "[a]s the wording of [section 41 of the Metropolitan Transit Authority Act] was taken almost verbatim from sections 8—102 and 8—103 of the Local Governmental and Governmental Employees Tort Immunity Act [citations], the case law concerning that section is

---

proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Rule 5 provides:

"(a) Petition for Permission to Appeal. An appeal from an interlocutory order containing the statement prescribed by 28 U.S.C. §1292(b) may be sought by filing a petition for permission to appeal with the clerk of the court of appeals within 10 days after the entry of such order in the district court with proof of service on all other parties to the action in the district court. An order may be amended to include the prescribed statement at any time, and permission to appeal may be sought within 10 days after entry of the order as amended."

[5] Section 8—102 provided:

"Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

applicable here." (*Margolis v. Chicago Transit Authority* (1979), 69 Ill. App. 3d 1028, 1032, 388 N.E.2d 190.) Thus, we do not agree with the trial court that there is a substantial ground for difference of opinion on this matter of law.

Based upon the foregoing, we dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

DOWNING and HARTMAN, JJ., concur.