JOHN RENSHAW, Plaintiff, *v.* GENERAL TELEPHONE COMPANY OF ILLINOIS *et al.*, Defendants.—(The City of Carmi, Third-Party Plaintiff-Appellee, *v.* Herman Winter *et al.*, Third-Party Defendants-Appellants.)

Fifth District   No. 82—486

Opinion filed January 31, 1983.

Hanagan & Dousman, of Mt. Vernon, for plaintiff John Renshaw.

James M. Wexstten, of Giamanco & Wexstten, of Mt. Vernon, for third-party defendants Herman Winter and Ruby Winter.

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for defendant General Telephone Company of Illinois.

John E. Jacobsen, of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for third-party plaintiff City of Carmi.

JUSTICE JONES delivered the opinion of the court:

Is an application for leave to appeal to the appellate court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) timely filed although the filing was in the wrong judicial district? We hold that it is.

The Rule 308 application in question is by third-party defendants in a personal injury action commenced by a plaintiff against General Telephone Company of Illinois and the city of Carmi. Plaintiff's complaint, in two counts, charges wilful and wanton misconduct by both General Telephone Company of Illinois and the city of Carmi. Defendant city of Carmi then filed a third-party complaint against the applicants in which it alleged that the applicants were guilty of negligence that contributed to the occurrence causing plaintiff's injury and prayed for "contribution in an amount sufficient to represent third-party defendants' pro-rata share of the common liability to the plaintiff based upon the relative culpability of" the applicants. The application seeks leave to appeal from an order of the circuit court of White County that denied a motion of the third-party defendants to dismiss the third-party complaint. The question certified by the trial court is:

"May a Defendant who has been charged with wilful and wanton acts or omissions seek contribution from a Third Party Defendant based upon said Third Party Defendant's mere negligence?"

The order denying the motion to dismiss the third-party complaint and certifying the question for a Rule 308 appeal was entered on August 4, 1982. Pursuant to Rule 308(b), the application for leave to appeal must be filed within 14 days after entry of the order that contains the question certified by the trial court. The Rule 308 application for leave to appeal in question was filed within the time limitation. How-

ever, due to "inadvertence and mistake" in the office of the attorney for the third-party defendants and Rule 308 applicants, the application was mailed for filing to the office of the clerk of the Appellate Court for the Fourth Judicial District in Springfield. Properly, the application should have been mailed for filing to the office of the clerk of the Appellate Court for the Fifth Judicial District in Mt. Vernon. The application was received and filed in Springfield on the 14th day following entry of the order, August 18, 1982. The error in filing was quickly discovered for, on August 19, 1982, one day too late to vest the appellate court with jurisdiction to consider the application under the Rule (see *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704), applicants filed with the clerk of the Appellate Court for the Fifth Judicial District their "Motion to File Application For Leave to Appeal Pursuant to Supreme Court Rule 308 Instanter." Copies of the application, the order of August 4, 1982, and the pleadings, all as filed in the Fourth District Appellate Court clerk's office in Springfield, were attached to the motion.

In view of the foregoing facts, does this court have jurisdiction to consider the application for leave to appeal pursuant to Rule 308? It does only if the State of Illinois has one appellate court divided into five districts rather than five autonomous appellate courts.

Article VI, section 11, of the Illinois Constitution of 1870 authorized the legislature to create "inferior appellate courts *** in districts formed for that purpose." This constitutional provision was implemented by an act of the legislature entitled "An Act to establish appellate courts," effective July 1, 1877 (1877 Ill. Laws 69). Section 1 of that act provided: "There are hereby created four appellate courts in this state, to be called the appellate courts in and for the districts hereby created ***." (See Ill. Rev. Stat. 1880, ch. 37, par. 18 (Hurd).) The four separate appellate courts thus created remained in existence until the revision of the Judicial Article of the Constitution in 1962.

Article VI of the Constitution of 1870, the judicial article, was amended by the electors of Illinois at an election held on November 6, 1962, the changes to become effective January 1, 1964. The new judicial article made sweeping changes in the organization of the Illinois judicial system. The appellate court was, of course, retained as an integral part of the court system, but its form and composition were altered drastically from that provided in the 1870 Constitution and the 1877 statute. Several provisions are pertinent for consideration here. Perhaps most pertinent would be article VI, section 1, which provided: "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." A significant key to the purport attending the use

of the singular "an" in creating the appellate court in section 1 is found in paragraph 5(b) of the Schedule for implementation of the new judicial article. It provided,

"All the jurisdiction, functions, powers and duties of the several appellate courts shall be transferred to the Appellate Court provided for in this Article, in the appropriate district."

Section 3 provided: "The state is divided into five Judicial Districts *for the selection of judges* of the Supreme and Appellate Courts." (Emphasis added.) Section 6 of the new judicial article provided that "[t]he Appellate Court shall be organized in the five Judicial Districts." Section 6 also designated the initial number of judges for each of the appellate districts, authorized the supreme court to assign additional judges to service in the appellate court as its business might require and authorized the supreme court to assign appellate judges to the several divisions of the appellate court, either within or without the district of residence of a judge so assigned.

Effective January 1, 1964, the legislature enacted a statute which implemented the provisions of the new judicial article as it concerned the organization of the appellate court. Ill. Rev. Stat. 1963, ch. 37, par. 25.

Article VI of the Illinois Constitution was again amended when the electors of Illinois adopted a new constitution on December 15, 1970, to be effective on July 1, 1971. Although article VI of the Constitution of 1970 differed from that adopted in 1962, the changes were minor, and no changes were made which would indicate that anything other than one appellate court for the entire State was intended. In the 1970 Constitution, article VI, section 1 again provided that "[t]he judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." Section 2 still divided the State into five judicial districts *for the selection of judges* of the supreme and appellate court. Section 5 pertained to the organization of the appellate court and continued the authority granted to the supreme court to assign judges to divisions and districts within or without the district of residence of the judge assigned. Section 6 pertained to the jurisdiction of the appellate court.

As noted, section 5 of the Constitution of 1970 directs the supreme court to prescribe by rule the number of divisions of the appellate court in each judicial district and authorizes it to assign judges to divisions. Section 16 of article VI confers general administrative authority over all courts upon the supreme court and authorizes the temporary assignment of any judge to any court. Pursuant to these sections of the Constitution, the supreme court has adopted Rule 22 (87 Ill. 2d R. 22), which pertains to appellate court organization and which, among

other things, makes provision for any division of the appellate court, with the approval of the chief justice of the supreme court, to sit at any place in the State; that is, any division of the appellate court may sit in any judicial district of the State. Rule 22 also creates an executive committee for the one appellate court.

■ This background of constitutional provisions, statutes and supreme court rules furnishes a ready answer to the question whether Illinois now has one appellate court divided into five districts or five appellate courts. Even a cursory examination of the foregoing leads to the inescapable conclusion that there is but one appellate court. The contrast between the Constitution of 1870, together with its implementing statute, and the 1962 amendment to the judicial article, as well as the present constitution and rules referring to this question, serves to remove all doubt. (See Mattis and Yalowitz, *Stare Decisis Among [sic] the Appellate Court of Illinois*, 28 DePaul L. Rev. 571 (1979), where the authors cogently argue that Illinois, subsequent to the 1962 amendment of the judicial article and the 1970 Constitution, in fact, has one appellate court. They use a measure of satire in their chosen title to point up their argument that the various divisions and districts of the appellate court themselves often fail to give credence to the one-court concept for purposes of *stare decisis*.)

It could be stated that the practice followed by the supreme court, the Administrative Office of Illinois Courts and the appellate court subsequent to the constitutional changes fortifies the conclusion that there is but one appellate court for Illinois. As an example, in instances where the judges of one district of the appellate court disqualify themselves to participate in the decision of a case before their court, the supreme court, acting through its chief justice and the Administrative Office of Illinois Courts, will assign the case for decision to a panel of three judges of the appellate court in and for another district. The panel of judges in the transferee district may hear oral argument at the place designated for that district to hold court, decide the case, and issue the order or opinion for filing at the office of the clerk of the transferor district as the decision and opinion or order of that district.

Given, then, that there is but one appellate court with five districts, what is the effect of filing an application for leave to appeal pursuant to Rule 308 in the clerk's office in the wrong district? This question begs another: if there is but one appellate court, may litigants elect the district in which they may file their appeal?

●■ ■ Article VI, section 6, of the Constitution of 1970 provides, in part: "Appeals from final judgments of the Circuit Court are a mat-

ter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal. *** The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." This provision regarding *final* judgments is the only reference in the Constitution or the supreme court rules to the proper venue for appeals. The rules of the supreme court governing appeals in civil cases (87 Ill. 2d Rules 301 through 374) and in criminal cases (87 Ill. 2d Rules 601 through 663) do not specify that appeals must be taken to the appellate court of the judicial district in which the circuit court from which the appeal is being taken is located. Nevertheless, it would be idle to suggest that an appeal other than one from a final judgment could be filed in an appellate court district other than that of the district from which such appeal emanates. It is the plain purport of the Constitution, the implementing statute and the supreme court rules that all appeals to the appellate court, from final judgments or otherwise, including all petitions and applications for leave to appeal, must initially be taken to and filed with the appellate court for the judicial district in which the circuit court from which the appeal, petition or application emanates is located. This requirement is implicit in the scheme for appellate review in Illinois. Such requirement for filing is, however, in the nature of venue and is not jurisdictional, the term "jurisdiction" being used to refer to the power of a court to hear and decide a particular case. Accordingly, if a case is initially appealed to an improper appellate court district, it should be transferred to the proper one, either on motion of one of the parties or on the court's own motion.

■ While not expressly applicable to the filing of an appeal with the wrong district of the appellate court, Rule 365 (87 Ill. 2d R. 365) nevertheless furnishes guidance for the disposition to be made of an appeal to the appellate court which is filed in the wrong judicial district. That rule is concerned with the mistaken filing in the supreme court of a case which should have been filed in the appellate court and, contrariwise, with an appeal filed in the appellate court that should have been filed in the supreme court. In the event of such misfiling, dismissal is not required; rather, the case is simply transferred to the proper court. Rule 365 further provides that when the record and other papers are transferred to the clerk of the proper court, "[t]hat clerk shall file the record and other papers upon receiving them, without charging an additional filing fee, and the case shall then proceed as if it had been appealed to the proper court in the first instance." Thus,

in the instances addressed by Rule 365, the requirements for timely filing are met although the filing may have been in the wrong court. It can be no less true that a filing which is timely filed in the wrong district of the appellate court may be regarded as timely filed in the proper district of that same court, and transfer of the case to the proper district does not affect the time of filing of any required paper or document.

▆ Having found the application for leave to appeal pursuant to Rule 308 timely filed in the appellate court, this court has jurisdiction to consider the application on its merits.

Rule 308(a) provides in pertinent part:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved."

Whether or not an appeal may be taken pursuant to Rule 308 from an interlocutory order not otherwise appealable requires an exercise of discretion by both the trial court and the appellate court. We have considered the application for leave to appeal, the question certified by the trial court and the pleadings filed in the case which were filed as a record in support of the application. It appears that the question certified is unique in that it has not yet been decided, at least in Illinois. And although it may be said that there is a substantial ground for difference of opinion, we do not feel that an immediate appeal from the order denying the motion to dismiss the third-party complaint will materially advance the ultimate termination of the litigation. The principal case is one for damages for personal injury. The parties are few, and the issues are no more complicated than those of an ordinary personal injury case. Trial of the case should be of comparatively short duration, probably no more than two to three days, and the presence of the subject third-party complaint in the case will neither unduly complicate nor unduly delay the final termination of the case. Accordingly, we deny the application for leave to appeal. *Cf. Kraus v. Board of County Road Commissioners* (6th Cir. 1966), 364 F.2d 919.

Application denied.

HARRISON, P.J., and KARNS, J., concur.