GERALD VOSS, Plaintiff-Appellant, v. LINCOLN MALL MANAGEMENT
COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 87—1687

Opinion filed February 9, 1988.

Chris Averkiou, of Chicago, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and
Martin A. Kanofsky, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This is a permissive interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308) from an order of the circuit court of Cook County entered on May 19, 1987, denying plaintiff's motion to allow the testimony of an expert witness at the trial of plaintiff's personal injury action. Disclosure of the expert's identity had not been made until after the date specified in an earlier pretrial order for identification of experts and after a second pretrial order entered under Supreme Court Rules 218 and 220 (107 Ill. 2d Rules 218, 220) had barred plaintiff from offering any such expert testimony.

Application for leave to appeal was filed on May 29, 1987, and allowed on July 9, 1987. For the reasons hereinafter set forth, we vacate our order allowing leave to appeal as having been improvidently entered and dismiss this appeal.

In connection with reconsidering our allowance of plaintiff's application for leave to appeal, we have addressed the question whether allowance of the application might have materially advanced the ultimate termination of the litigation. We have concluded that it would not have done so.

FACTS

The trial court has certified the following question for appeal:

"Whether the disclosure of experts by plaintiff was within the requirements of Supreme Court [R]ule 220, notwithstanding the June 28, 1985[,] pre[ ]trial order limiting the testimony of expert witnesses."

At the time the order of May 19, 1987, was entered that denied plaintiff's motion to permit the trial testimony of his expert witness, the case was on the court's trial calendar for July 6, 1987, after having been restored to the trial call on or about February 6, 1987. Defendants contend that plaintiff's efforts to secure permission for his expert to testify came at the "eleventh hour."

The underlying lawsuit is for personal injuries allegedly sustained in December 1981 in a fall from a retaining wall. The first amended complaint to that effect was filed on May 7, 1986. Essentially, the complaint alleged negligent maintenance, negligent construction, and negligent failure to warn.

In certifying the question for appeal, the trial court found that an immediate appeal may materially advance the ultimate termination of the litigation. The record on appeal does not elaborate on this finding.

In his application for leave to appeal, filed on May 29, 1987, plaintiff argues that an immediate appeal will advance the ultimate termi-

nation of the litigation, because (1) "[a]n interlocutory appeal avoids the necessity of raising the issue after trial," at which time a retrial might be the remedy and would "cause the unnecessary expenditure of judicial resources," and (2) "[t]he availability of expert testimony affects the litigation plan of all the parties," in particular materially affecting the type of proof and the evidentiary issues before the trial court.

In their answer to plaintiff's application for leave to appeal, filed on June 11, 1987, defendants argued that the order of May 19, 1987, "on the record as made, does not warrant review by this court, hence the application for leave to appeal should be denied." Stated otherwise, defendants argued that "[t]his is not a case which warrants this Court's attention under the interlocutory appeal provisions of Supreme Court Rule 308" and that "the trial Court's ruling of May 19, 1987 was eminently correct, in accord with the applicable law and does not warrant review by this Court." Except for the generalized assertions just quoted, defendants' answer to plaintiff's application argued the merits of the appeal itself, and—notwithstanding such assertions as that plaintiff's efforts came at the eleventh hour; that plaintiff's position as applicant was "ludicrous, if not insincere"; that the contentions in his application "smack of trickery"; that his conduct in the case was "evasive"; and that "[t]his conduct should not be condoned"—defendants did not substantially address the question whether an immediate appeal would or might materially advance the litigation's ultimate termination. Indeed, defendants argued simply that "[t]his Court should not entertain this Application *** because it is the Applicant's total disregard of [trial-court orders] which brings him to this Court, *not any 'substantial ground for difference of opinion'*, as required by our Supreme Court's Rule 308." (Emphasis added.)

Our allowance of plaintiff's application for leave to appeal occurred without oral argument, but subsequent oral argument of the appeal's merits was heard on November 3, 1987.

OPINION

■ Supreme Court Rule 308, originally adopted in 1967, authorizes this court to allow appeal of interlocutory orders not otherwise appealable if an appropriate application is filed and the trial court has found (1) that the order involves a question of law as to which there is substantial ground for difference of opinion and (2) that an immediate appeal may materially advance the ultimate termination of the litigation. (107 Ill. 2d Rules 308(a), (b).) The application for leave to appeal

is required to state why an immediate appeal may materially advance termination of the litigation. (107 Ill. 2d R. 308(c).) However, even after the trial court has made the required finding and the application has stated why an immediate appeal is justified, allowance of the appeal is discretionary and depends on the concurrence of this court. 107 Ill. 2d R. 308(a); *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1111, 403 N.E.2d 704, 707; see *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 1076, 398 N.E.2d 1228, 1232.

■ We have power to ensure that the authority to pursue interlocutory appeals is not abused, just as Federal courts have such power with regard to their equivalent jurisdictional statute. (107 Ill. 2d R. 308, Committee Comments, at 415; *Camp*, 82 Ill. App. 3d at 1111, 403 N.E.2d at 707.) The adoption of Rule 308 did not eliminate "the approach of restricting interlocutory appeals by permission to the very exceptional situation in which the resolution of an important question at an interlocutory stage will clearly advance the administration of justice." (Ill. Ann. Stat., ch. 110A, par. 308, Historical and Practice Notes, at 291 (Smith-Hurd 1985).) Appeals under Rule 308 should be limited to certain "exceptional" circumstances; the rule should be strictly construed and sparingly exercised. (*People v. Pollution Control Board* (1984), 129 Ill. App. 3d 958, 965, 473 N.E.2d 452, 456; *Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 1048, 416 N.E.2d 1110, 1112-13, citing *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 538, 387 N.E.2d 325, 330, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292.) The rule "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Camp*, 82 Ill. App. 3d at 1110, 403 N.E.2d at 707.

Although Illinois decisions have provided comparatively little guidance for determining whether an immediate appeal may materially advance the ultimate termination of litigation, the leading case of *Renshaw v. General Telephone Co.* (1983), 112 Ill. App. 3d 58, 445 N.E.2d 70, reflects standards that are apt in the present case. In *Renshaw*, the plaintiff had filed a two-count complaint against a telephone company and the city of Carmi, charging willful and wanton misconduct. The city then filed a third-party complaint, charging that the negligence of certain others had contributed to the plaintiff's injury and seeking contribution to any recovery by the plaintiff. The third-party defendants' motion to dismiss was denied, and they sought to appeal as to whether the third-party complaint might be based on mere negligence when the primary complaint charged willful and wanton mis-

conduct. The appellate court denied leave to appeal, noting that the suit was one for personal injury damages, with few parties and with issues "no more complicated than those of an ordinary personal injury case," and adding: "Trial of the case should be of comparatively short duration, probably no more than two to three days, and the presence of the subject third-party complaint in the case will neither unduly complicate nor unduly delay the final termination of the case." *Renshaw*, 112 Ill. App. 3d at 64, 445 N.E.2d at 75.

By contrast, where two prior appeals had already occurred in a case and the third count of plaintiff's complaint was now before the appellate court on an application under Rule 308 to review the trial court's denial of a motion to dismiss, the appellate court allowed the application and reversed the trial court's order in *Ewing v. Liberty Mutual Insurance Co.* (1985), 130 Ill. App. 3d 716, 474 N.E.2d 949. *Ewing* was a personal injury case, and the complaint's third count involved a bad-faith claim against an insurance company. By holding that the count did not state a cause of action, the appellate court averted the need for a trial that might examine at length the insurance company's continuing relationship with the plaintiff's employer and with the insurance company's examining physician as well as the insurance company's alleged combination with the employer to coerce the particular plaintiff to resume his job prematurely. (See *Ewing*, 130 Ill. App. 3d at 718, 474 N.E.2d at 951.) Such a trial might well have required substantially more time than "an ordinary personal injury case." *Renshaw*, 112 Ill. App. 3d at 64, 445 N.E.2d at 75.

With some alteration, Supreme Court Rule 308 was modeled on the Federal jurisdictional statute (now codified as amended at 28 U.S.C. §1292(b) (Supp. III 1986)), and cases construing the Federal statute prior to adoption of Rule 308 "are important in interpreting the rule's provisions" (Ill. Ann. Stat., ch. 110A, par. 308, Historical and Practice Notes, at 291 (Smith-Hurd 1985); accord 107 Ill. 2d R. 308, Committee Comments, at 415).

"Congress has recognized the need of exceptions for interlocutory orders in certain types of proceedings where the damage of error unreviewed before the judgment is definitive and complete [citation] has been deemed greater than the disruption caused by intermediate appeal." (*DiBella v. United States* (1962), 369 U.S. 121, 124, 7 L. Ed. 2d 614, 617, 82 S. Ct. 654, 657.) But, as stated in the Senate Judiciary Committee report at the time the Federal statute was adopted, "while it may be desirable to permit appeals from any interlocutory order in certain instances, the indiscriminate use of such authority may result in delay rather than expedition of cases in the district

courts." (S. Rep. No. 2434, 85th Cong., 2d Sess. 3, reprinted in 1958 U.S. Code Cong. & Admin. News 5255, 5256-57.) So, where a case was ready for, at most, a five-day trial and would be disposed of and the issue in question possibly mooted before argument could be heard in the court of appeals, the "material advancement" criterion was not satisfied and certification for appeal was denied in *Edwards v. National Audubon Society, Inc.* (S.D.N.Y. 1976), 411 F. Supp. 744, 747.

Though decided after adoption of Rule 308, the case of *Lerner v. Atlantic Richfield Co.* (Temp. Emer. Ct. App. 1982), 690 F.2d 203, reviewed criteria for meeting the "material advancement" requirement under the Federal statute. Citing to a comprehensive law review note that had in turn examined House of Representatives testimony by the chairman of the Committee on Interlocutory Appeals of the Judicial Conference of the United States, the court referred to four nonexclusive examples of situations where an interlocutory appeal might be appropriate: (1) cases (such as patent or admiralty cases) where a finding of liability would require extensive accounting procedures; (2) cases where a long trial would be necessary if a defense were overruled pertaining to the right to bring the action; (3) cases involving third-party defendants who are practically essential to continued prosecution; and (4) transferred cases where the transferee court's jurisdiction is attacked. (*Lerner*, 690 F.2d at 211-12, citing Note, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. §1292(b)*, 88 Harv. L. Rev. 607, 611-12 (1975), citing *Hearings on H.R. 6238 & H.R. 7260 Before Subcomm. No. 3 of the House Comm. on the Judiciary*, 85th Cong., 2d Sess., ser. 11, at 8-9 (1958) (testimony of the Hon. John J. Parker, chief judge, United States Court of Appeals for the Fourth Circuit).) The law review note observed:

> "Even though the Act [Act of Sept. 2, 1958, Pub. L. No. 85—919, 72 Stat. 1770 (codified as amended at 28 U.S.C. §1292(b) (Supp. III 1986))] is not in terms limited to such situations, there is no indication in these examples, or in any of the statutory materials, that the goals of alleviating hardship and supervising lower courts were intended to be considered under the Act. *Trial court certification was not viewed as an invitation to the trial judge to 'certify' difficult questions of general applicability to the courts of appeals.*" (Emphasis added.) 88 Harv. L. Rev. at 612.

Federal cases in which leave to appeal was denied for failure to meet the "material advancement" criterion include *United States v. Bear Marine Services* (5th Cir. 1983), 696 F.2d 1117 (improvident leave order vacated where trial likely to be short and no issue before

court likely to shorten it significantly); *Oneida Indian Nation v. County of Oneida* (2d Cir. 1980), 622 F.2d 624 (denial of summary judgment improvidently certified for appeal where denial order might not be final and in any event question might be mooted by separate appeal); *Atlantic City Electric Co. v. General Electric Co.* (2d Cir. 1964), 337 F.2d 844 (interlocutory appeal denied as delaying rather than advancing ultimate termination where pretrial order sustaining plaintiffs' objections to interrogatories did not prejudice defense on eventual appeal); *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.* (S.D.N.Y. 1985), 611 F. Supp. 281 (after three years, case almost ready for trial estimated to last three weeks); *Resnick v. American Dental Association* (N.D. Ill. 1982), 95 F.R.D. 372 (interlocutory decision on required production of document over objection would delay case, while harmless-error test would make new trial unlikely anyhow); *Mazzella v. Stineman* (E.D. Pa. 1979), 472 F. Supp. 432 (ordinary case with no reason to believe that trial would be long or unusually expensive); *Arkansas-Best Freight System, Inc. v. Youngblood* (W.D. Ark. 1973), 359 F. Supp. 1125 (transfer would not end case); *Gross v. McDonald* (E.D. Pa. 1973), 354 F. Supp. 378 (order striking defenses refused certification where brief trial expected and case was in pool to be tried in about two months); and *Seven-Up Co. v. O-So Grape Co.* (S.D. Ill. 1959), 179 F. Supp. 167 (an order for separate, earlier trial on *laches* issue in trademark-infringement and unfair-competition suit was merely a procedural order within trial court's discretion and not worthy of immediate appeal).

Where Federal courts have granted or upheld the grant of certification of immediate appeal, the cases have tended to be either potentially long and expensive or simply to involve "controlling" questions of law as to which one possible resolution would necessarily dispose of the case (*e.g., Garner v. Wolfinbarger* (5th Cir. 1970), 430 F.2d 1093, *cert. denied* (1971), 401 U.S. 974, 28 L. Ed. 2d 323, 91 S. Ct. 1191 (certified ruling on attorney-client privilege would affect scope of evidence in complex security-law class action by stockholders); *S.A. Mineracao da Trindade-Samitri v. Utah International Inc.* (S.D.N.Y. 1984), 579 F. Supp. 1049 (two years potentially wasted if arbitration order complied with); *Max Daetwyler Corp. v. Meyer* (E.D. Pa. 1983), 575 F. Supp. 280, *certified question answered, order affirmed in part, reversed in part* (3d Cir. 1985), 762 F.2d 290, *cert denied* (1985), 474 U.S. 980, 88 L. Ed. 2d 336, 106 S. Ct. 383 (delay by interlocutory appeal did not outweigh potential cost to parties and court of proceeding on challenged jurisdictional basis); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.* (E.D. Pa. 1980), 494 F. Supp. 1190, *certified*

*question answered, order vacated* (3d Cir. 1980), 631 F.2d 1069 (potentially enormous waste of judicial system's and parties' resources); *Freedman v. Philadelphia Terminals Auction Co.* (E.D. Pa. 1961), 197 F. Supp. 849, *certified question answered, order aff'd* (3d Cir. 1962), 301 F.2d 830, *cert. denied* (1962), 371 U.S. 829, 9 L. Ed. 2d 67, 83 S. Ct. 40 (many other plaintiffs' claims pending and another holding in district); but see *Lorentz v. Westinghouse Electric Corp.* (W.D. Pa. 1979), 472 F. Supp. 954 (despite importance for other persons, certification denied where discovery completed, trial set within two months, and four other counts would still have to be tried despite requested appeal)).

Delay has been said particularly to argue against interlocutory appeal if the appeal is from a ruling made shortly before trial (*Baranski v. Serhant* (N.D. Ill. 1985), 602 F. Supp. 33, 36; see *Gross v. McDonald* (E.D. Pa. 1973), 354 F. Supp. 378, 383); however, the "material advancement" criterion has been held to apply not only to trial time but also to time likely to be expended on appeal (*In re Pyramid Co.* (1982), 141 Vt. 294, 305, 449 A.2d 915, 921; see 88 Harv. L. Rev. at 626-27).

In Federal courts, "[i]f it appears that an interlocutory appeal will delay a trial, rather than expedite or eliminate it, leave to appeal should be denied. Thus, interlocutory appeals have been denied *** in personal injury cases, since such cases can be tried in a few days, while an appeal will delay the case for a considerable amount of time." (2 Federal Procedure, Lawyers Ed. §3:362 (1981).) This is true, even though "litigation would be materially advanced if appeals are permitted from orders *** which, if reversed, will dispose of the case, while, if affirmed, will encourage the parties to compromise other contested matters [and from orders] concerning the admissibility of evidence, if suppression of the evidence would eliminate issues from the trial and reduce the projected length of the trial." 2 Federal Procedure, Lawyers Ed. §3:362 (1981).

In cases with potentially short trials, although Federal courts generally shrink from granting immediate appeals, one group of commentators suggests that such a factor should not be "raised to an absolute condition of appealability," since in some cases "a highly debatable question *** is easily isolated from the rest of the case, *** offers an opportunity to terminate the litigation completely, and *** may spare the parties the burden of a trial that is expensive for them even if not for the judicial system," so that "[t]he availability of appeal should not depend entirely on estimates of trial length." (16 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure §3930, at 165

(1977).) Those commentators continue:

"Ideally, §1292(b) could be used to allow interlocutory appeals whenever the district court and court of appeals agree that immediate review is a good gamble. The difficulty and general importance of the question presented, the probability of reversal, the significance of the gains from reversal, and the hardship on the parties in their particular circumstances, could all be considered. The decisions just reviewed require a measure of pessimism whether such complete flexibility will be attained. *** Uniformity of application is not to be expected, even in cases presenting exactly the same issue. Not only may differences in the litigational setting justify different estimates of the gains from immediate appeal, but different courts of appeals, facing different docket conditions, may value differently the hazards of their own time." C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §3930, at 169-70 (1977).

Even under the views just quoted favoring a flexible application of interlocutory-appeals rules, the virtue of allowing an interlocutory appeal in the case at bar is not free from doubt. The certified question is important and relatively novel, and the probability of reversal is high, but the hardship on the particular parties of refusing an interlocutory appeal does not seem great, since it is possible that even without his expert witness the plaintiff would prevail and have a sufficient recovery in damages. Many personal injury cases are won every day without expert testimony, and the trial court's order likewise bars defendants from offering expert testimony. It appears unlikely that plaintiff would abandon his case simply because of inability to present such testimony.

Moreover, the strong policy in this district and in the Illinois Supreme Court is to construe Rule 308 strictly and sparingly. In the face of this policy, plaintiff has merely argued that his application for leave to appeal should be allowed because resolution of the certified question will affect litigation strategy and the issue may have to be considered later on appeal. Yet, a myriad of trial court decisions not rising to an interlocutorily appealable level will be likely to affect litigation strategy. As stated of a refusal to decide certified class action questions in a Federal case, "[w]e recognize that class action determination has significant practical effects on the litigation and an aggrieved party may have a very real interest in securing early appellate review. But the same considerations apply to many other types of interlocutory orders and we cannot sanction an erosion of the prohibition against 'piecemeal' appellate review. Our constantly increasing case-

load reinforces the other more philosophical reasons for that policy." (*Link v. Mercedes-Benz of North America, Inc.* (3d Cir. 1977), 550 F.2d 860, 862-63, *cert. denied* (1977), 431 U.S. 933, 53 L. Ed. 2d 250, 97 S. Ct. 2641.) As for chances of the question's eventual appellate consideration, we must assume that there is at least an equal likelihood that plaintiff will win and therefore not appeal after trial. This likelihood may be enhanced if the trial court compels defendants (and plaintiff) to respond to all outstanding discovery requests.

■■ ■ Piecemeal appeals are not favored federally (*Gardner v. Westinghouse Broadcasting Co.* (1978), 437 U.S. 478, 480, 481-82, 57 L. Ed. 2d 364, 367, 368-69, 98 S. Ct. 2451, 2453, 2454) or in Illinois (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712, 713). Prior to considering an appeal on its merits, we must determine if the appeal has been properly taken so as to invoke our jurisdiction. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1109, 403 N.E.2d 704, 706; see *Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 800, 506 N.E.2d 381, 383.) The question of jurisdiction is always open. (*Camp*, 82 Ill. App. 3d at 1109, 403 N.E.2d at 706.) Just as a writ of *certiorari* might be quashed if improperly issued (*Carroll v. Houston* (1930), 341 Ill. 531, 537, 173 N.E. 657, 659; *Connolly v. Upham* (1950), 340 Ill. App. 387, 393, 92 N.E.2d 207, 210, *appeal denied* (1950), 341 Ill. App. xv), we may reconsider the question of our jurisdiction if our earlier ruling seems erroneous (*Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 773, 471 N.E.2d 554, 562, *appeal denied* (1985), 102 Ill. 2d 553; *Allabastro v. Wheaton National Bank* (1980), 91 Ill. App. 3d 222, 222, 414 N.E.2d 537, 538).

Weighing in favor or our retaining jurisdiction and deciding this appeal on the merits are the fact that the matter has now been considerably delayed after having been fully briefed and argued and the fact that Supreme Court Rule 308 merely speaks in terms to situations in which an immediate appeal "may" (not expressly "will") advance the litigation's termination. It is possible that, without being allowed to offer his expert's testimony, plaintiff would lose on the merits and be required to appeal later, with a subsequent retrial becoming necessary should he prevail on appeal.

■ However, weighing against retaining jurisdiction are the law's strong policy against piecemeal appeals, the possibility that retaining this case now would improperly encourage other future litigants' interlocutory appeals of similar issues, and the fact that neither the plaintiff nor the trial court has demonstrated how an immediate ap-

peal in this case actually serves to advance its ultimate termination. Moreover, while the trial court's order barring plaintiff's expert from testifying at trial is not what one would normally consider a discovery order, it grew out of what the trial court felt was plaintiff's noncompliance with previous discovery orders, and we note that our supreme court has stated generally that discovery orders are not appealable under Rule 308. *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483, 485; accord *Bank of Aspen v. Fox Cartage, Inc.* (1986), 141 Ill. App. 3d 369, 373, 490 N.E.2d 145, 148; *Frye v. Massie* (1983), 115 Ill. App. 3d 48, 52, 450 N.E.2d 411, 414.

We have concluded that the latter factors outweigh the former and that we should vacate our earlier order as improvidently having allowed leave to appeal. In so doing, we intend to sound a warning for future litigants and trial courts as to the proper standards for allowing applications under Rule 308. Moreover, we caution litigants to address squarely and in meaningful detail the question whether an immediate appeal sought under Rule 308 may advance the ultimate termination of a case. Parties seeking or resisting allowance of such an appeal should not emulate defendants in the case at bar, whose answer to plaintiff's application for leave to appeal largely considered the merits of the case in chief or simply argued *ad hominem*, rather than analyzing the proper criteria for allowing an immediate appeal.

We also wish to draw attention to the fact that, in the Federal system, trial courts that certify questions for interlocutory appeal are encouraged to state their reasons for believing that an immediate appeal may materially advance the litigation's ultimate termination. (Manual for Complex Litigation (Second) §25.13 (1985) (supplement to Federal Procedure, Lawyers Edition (1986)); *Isra Fruit Ltd. v. Agrexco Agricultural Export Co.* (2d Cir. 1986), 804 F.2d 24, 25; see *Johnson v. Soundview Apartments Housing Development Fund Co.* (S.D.N.Y. 1986), 647 F. Supp. 1410, 1414.) If State trial courts in Illinois were to adopt a similar practice, this court's task would be eased in deciding whether to concur in trial courts' views regarding certification. In addition, such an explanatory process could be of marked assistance to trial courts in satisfying themselves that their decisions to certify questions for immediate appeal are justified. *Cf. Bank of Lincolnwood v. Federal Leasing, Inc.* (7th Cir. 1980), 622 F.2d 944, 948-49; *Eich v. Gellerson* (Me. 1982), 441 A.2d 315, 316; *Cole v. Peterson Realty, Inc.* (Me. 1981), 432 A.2d 752, 757; *Canal National Bank v. Becker* (Me. 1981), 431 A.2d 71, 72 n.2; *Union State Bank v. Woell* (N.D. 1984), 357 N.W.2d 234, 237-38 (calling for explanations of certification in appeals from orders final as to fewer than all claims or parties).

Accordingly, our order of July 9, 1987, allowing leave to appeal in the case at bar is vacated as improvidently having been entered, and this appeal is dismissed.

Order vacated; appeal dismissed.

BILANDIC and SCARIANO, JJ., concur.