THE PEOPLE *ex rel.* PRESSOL GmbH AND COMPANY KG, f/k/a Jacob Pressl Sohne, *et al.*, Relators-Appellees, v. KLAUS A. PRESSL *et al.*, Defendants-Appellants.

First District (4th Division)    No. 1—01—1903

Opinion filed March 7, 2002.

Martin J. Freed, of Chicago, for appellants.

Michael E. Barry, Evan S. Williams, and Jamie M. Haberichter, all of Gardner, Carton & Douglas, of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

This appeal arises from an action in *quo warranto* filed by relators, Pressol GmbH and Company KG (Pressol KG), its subsidiary, Pressol Manufacturing Company (Pressol USA), and Rudolph Schlenker, purported president and member of the board of directors of Pressol USA. Relators sought to challenge the authority of defendants, Klaus and Heide Pressl, to act as officers and directors of Pressol USA and sought their ouster.

After the trial court granted the relators leave to file their complaint, defendants filed a motion to vacate the order, alleging that the relators lacked standing to bring a *quo warranto* proceeding due to their German citizenship. Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), the trial court certified the question whether the *quo warranto* act's use of the term "citizen" precludes out-of-state private parties from filing suit (735 ILCS 5/18—102 (West 2000)). However, for the following reasons, we lack jurisdiction to address the merits of the appeal.

On May 15, 2001, the trial court entered the order certifying the question for appeal and included the requisite Rule 308 language. 155 Ill. 2d R. 308. On May 30, 2001, one day after the 14-day period provided for by Rule 308, defendants filed their application for leave to appeal. On June 12, 2001, relators filed their opposition to the application and requested that it be dismissed for lack of jurisdiction. Subsequently, defendants filed a motion to treat the application as timely filed, stating by affidavit that the late filing had been due to a family medical emergency. Thereafter, on July 2, 2001, this court entered an order, treating the application for leave to appeal as having been timely filed and granting defendants' application for leave to appeal.

Relators initially contend that, due to defendants' failure to file within the time provided for in Rule 308, this court lacks jurisdiction to address the merits of the appeal and that, given the jurisdictional nature of the time limit imposed, we are without authority to extend the time for filing an application for leave to appeal. Accordingly, we must review our treatment of defendants' application for leave to appeal.

Rule 308, governing permissive interlocutory appeals, provides in pertinent part:

"(a) Requests. When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order.

(b) How Sought. The appeal will be sought by filing an application for leave to appeal with the clerk of the Appellate Court within 14 days after the entry of the order in the trial court or the making of the prescribed statement by the trial court, whichever is later. An original and three copies of the application shall be filed." 155 Ill. 2d Rs. 308(a), (b).

Illinois courts have repeatedly held that where the parties failed to file an application for leave to appeal within 14 days, as required by Rule 308, the appellate court lacked jurisdiction to address the merits of the appeal. See *In re Petition of Filippelli*, 207 Ill. App. 3d 813, 817, 566 N.E.2d 412, 414-15 (1990) (appellate court lacked jurisdiction over certified question under Rule 308 where respondent filed petition for leave to appeal after the 14-day time limit); *Camp v. Chicago Transit Authority*, 82 Ill. App. 3d 1107, 1111-12, 403 N.E.2d 704, 707-08 (1980) (appellate court lacked jurisdiction over certified question where defendant filed notice of appeal in the circuit court, but failed to file application for leave to appeal with the appellate court); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 36 Ill. App. 3d 606, 610, 344 N.E.2d 554, 557-58 (1975) (interlocutory order was not appealable where no application for leave to appeal was filed within 14 days of the entry of the order in the trial court); see also *Renshaw v. General Telephone Co. of Illinois*, 112 Ill. App. 3d 58, 60, 445 N.E.2d 70, 72 (1983) (noting that application filed one day after 14-day time limit was too late to vest appellate court with jurisdiction). Such findings are consistent with the general interpretation that Rule 308 is to be strictly construed and sparingly exercised. *Camp*, 82 Ill. App. 3d at 1110-11, 403 N.E.2d at 707.

■ Except as specifically provided for in the rules, the appellate court is without jurisdiction to review orders that are not final. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210, 642 N.E.2d 1264, 1266 (1994). Rule 308 contains no specific provision allowing for an extension of time to file an application for leave to appeal as is provided for in other circumstances. See, *e.g.*, 155 Ill. 2d R. 303(d) (governing appeals of right from final judgments); 166

Ill. 2d R. 306(e) (governing certain interlocutory orders appealable by petition). Defendants argue that no specific provision is necessary to extend the time for filing because of the discretionary nature of a permissive interlocutory appeal. However, the court's discretion to consider an application for leave to appeal is only implicated if the application is filed within the 14-day time limit. Furthermore, we note, where the supreme court has chosen to extend the time for filing other permissive interlocutory appeals, it has done so expressly. See 166 Ill. R. 306(e). Accordingly, this court was mistaken in its treatment of the application as having been timely filed. We have no inherent power under the rule to forgive a party's failure to comply with the 14-day time limit even for good cause shown, and consideration of the substantive issues raised by the defendants is foreclosed at this time by their procedural default. We note that defendants are not precluded from raising the issue again upon a final judgment.

Accordingly, for the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

HOFFMAN, P.J., and HARTMAN, J., concur.